FRANCIS M. WIKSTROM  (UTAH BAR NO. 3462)
KRISTINE E. JOHNSON (UTAH BAR NO. 7190)
ERIK A. CHRISTIANSEN (CAL. BAR NO. 150787)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:     801.532.1234
Facsimile:      801.536.6111

KATHERINE NOLAN-STEVAUX (CAL BAR NO. 244950)
LIFE TECHNOLOGIES CORPORATION
1149 Chess Drive
Foster City, California 94404
Telephone:  650.554.3584

*Attorneys for Third Party Molecular Probes, Inc.*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENZO BIOCHEM, INC. and ENZO LIFE SCIENCES, INC.<br><br>         Plaintiffs,<br><br>    v.<br><br>PERKINELMER, INC. and PERKINELMER LIFE SCIENCES, INC.<br><br>         Defendants. | Case No. _____<br><br>**MOLECULAR PROBES, INC.'S OBJECTIONS TO THIRD-PARTY SUBPOENA TO TESTIFY AT DEPOSITION IN A CIVIL ACTION, MEMORANDUM IN SUPPORT OF MOTION TO QUASH AND CONSENT TO TRANSFER** |

Molecular Probes, Inc. ("MPI"), through counsel and in accordance with Rules 26 and 45 of the Federal Rules of Civil Procedure, hereby objects and files this Memorandum in Support of its Motion to Quash the Subpoena to Testify in a Civil Action (the "Subpoena") (attached hereto as Exhibit A) served by Enzo Biochem, Inc. and Enzo Life Sciences, Inc. (together, "Enzo), on the following grounds:

**Argument and General Objections Under Rule 45**

MPI objects to the Subpoena in its entirety and moves to quash on the grounds that it violates Fed.R.Civ.P. 45, for the following reasons:

-1-

First, the Subpoena does not identify the Court from which it issued, in violation of Fed.R.Civ.P. 45(a)(1)(A)(i) and (a)(2).

Second, Enzo failed to tender fees and mileage as required by Fed.R.Civ.P. 45(b).

Third, the Subpoena purports to require MPI, an Oregon corporation with a principal place of business in Eugene, Oregon, to produce documents and appear at a deposition in Sacramento, California.  Thus, the designated place of compliance is more than 100 miles from MPI's place of business, in violation of Fed.R.Civ.P. 45(c)(1)(A) and (B) and 45(c)(2)(A).

Fourth, the Subpoena is in violation of Fed.R.Civ.P. 45(d)(1) because it imposes undue burden and expense on MPI.  In particular, Enzo purports to seek "all documents" regarding twelve separate categories, many of which contain numerous subparts.  Furthermore, the Subpoena seeks documents from January 1, 1999 to August 28, 2006.[1]  The majority of the documents generated in this period are in hard copy, rather than electronic, form, and thus can be located only by a time-consuming and labor intensive in-person search.  The burden imposed upon MPI by this effort is significant, and would far outweigh any potential relevance of such documents.  This is particularly true given that MPI has already produced numerous documents in response to a number of the specific requests, as outlined below.

Fifth, MPI objects to the Subpoena to the extent it seeks documents and testimony regarding vague and ambiguous terms, including "research use," "research market," "diagnostic or therapeutic use," "commercial purposes," and "commercially exploit."

Sixth, MPI objects to the Subpoena on the grounds that the topics and requests are vague, ambiguous, and do not describe the subject matter with reasonable particularity.

Seventh, MPI objects to the instructions and definitions because they are vague and ambiguous and contain requirements beyond those prescribed by the Rules of Civil Procedure.

Eighth, MPI objects to the Subpoena because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it is

---

[1]  The August 2006 cutoff appears to be arbitrary and overly broad, as the damages cutoff for Enzo's claims against PerkinElmer ends in August 2005.  See Exh. B at p. 8.

-2-

Case No. _____

MOLECULAR PROBES, INC.'S OBJECTIONS TO
THIRD-PARTY SUBPOENA

duplicative and cumulative of information previously provided to Enzo through depositions, interrogatory responses, and document productions.

Ninth, to the extent that a copy of the Subpoena was not served on Perkin Elmer prior to service upon MPI, MPI reserves its right to object pursuant to Fed.R.Civ.P. 45(a)(1)(4).

Tenth, MPI objects to the Subpoena to the extent that it seeks privileged attorney-client information and/or attorney work product.

MPI hereby incorporates each of its general objections, to the extent applicable, to the specific objections below, and reserves its rights to raise any other objections in the future.

### Specific Objections

Requests for Production Nos. 1, 2, 6, 7, 8, 10, 12 - These categories seek information from MPI in violation of an Order entered by the United States District Court for the Southern District of New York captioned *Enzo Biochem, Inc. and Enzo Life Sciences, Inc. v. Perkin Elmer, Inc. and PerkinElmer Life Sciences, Inc., et. al.*, No. 03-cv-3817. Specifically, at page 13 of its Memorandum and Order dated October 28, 2013, the Court indicated that further discovery by Perkin Elmer and Enzo must be limited to damages and expert discovery (attached as Exhibit B). Furthermore, by letter to the Court dated November 1, 2013, which the Court endorsed, counsel for Enzo expressly recognized that damages discovery and expert discovery were the only remaining areas of discovery to be completed. (Letter attached as Exhibit C).

In violation of that Order, these requests are all directed to Enzo's liability claims; *i.e.*, whether Perkin Elmer sold products to MPI in violation of the "research use" term in the Distribution Agreement, MPI's agreements with its customers regarding that term, and/or the specific uses which were made of those products by MPI or its customers, and MPI's use of the "research use" term and related terms. The requests thus are untimely, as Enzo should have sought any such information much earlier, during the general discovery phase of the Perkin Elmer litigation or by the close of the limited additional discovery directed to Enzo's contract claims in April 2013.[2]

---

[2] MPI notes that the documents and testimony sought by the Subpoena are not relevant to any

Furthermore, these requests are redundant and unduly burdensome because MPI already has produced many documents responsive to categories 1, 2, 6 and 7 in the pending litigation between Enzo and MPI in the United States District Court for the Southern District of New York, captioned *Enzo Biochem, Inc., et. al. v. Molecular Probes, Inc., et. al*, No. 03cv-3618. Should Enzo identify with specificity the particular documents relevant to damages in the Enzo/Perkin Elmer litigation from MPI's previous productions in the Enzo/MPI litigation that it wishes to use in the Enzo/Perkin Elmer litigation, MPI would not unreasonably withhold its consent to their use by Enzo in that litigation. Additionally, MPI representative Victoria Singer submitted extensive deposition testimony in the MPI/Enzo matter regarding categories 1, 2, 6, 7, 8, 10 and 12 on three separate dates:  September 11 and 12, 2006 and April 9, 2013. Enzo also deposed other MPI witnesses, including Jill Hendrickson (February 25, 2003 and September 12, 2006), Allegra Helfenstein (September 8, 2006) and Kyle Gee (February 25, 2003), on some of the topics in these categories.

Finally, MPI objects to category 12 for the additional reason that it is overly broad and unduly burdensome in that it seeks documents pertaining to commonly used terms such as "research market" and "research use", without any limitation to the accused Products, as opposed to the entirety of MPI's product offerings.

Requests for Production Nos. 3, 4, 5, 9, and 11:  These categories are redundant and overly burdensome in that MPI already has produced responsive documents and 30(b)(6) testimony in the MPI/Enzo litigation in conjunction with numerous requests for production from Enzo and Enzo's March 8, 2013 Notice of Deposition to Molecular Probes, Inc. on Non-Patent Issues Pursuant to Federal Rule of Civil Procedure 30(b)(6) ("MPI 30(b)(6) Notice"). Specifically, categories 3, 4 and 5 of the Subpoena seek documents such as invoices, purchase

---

claim against MPI in light of the December 6, 2013 Memorandum and Order entered by the United States District Court for the Southern District of New York. (Dkt. # 99). In that Order, the Court granted in full MPI's Motion for Partial Summary Judgment on Enzo's Non-Patent Claims. (Dkt. # 93). Pursuant to that Order, those claims pertaining to products obtained by MPI from PerkinElmer, Inc., or its predecessor, NEN, including unfair competition under state and federal law and tortious interference, have been dismissed as a matter of law. Accordingly, there is no remaining claim asserted against MPI that is based upon its purchase or resale of any product sourced from PerkinElmer or NEN.

-4-

orders and sales orders evidencing Products purchased or sold by MPI, or similar documentation identifying the products and quantities purchased by MPI from Perkin Elmer. Categories 2-4 and 10 of the MPI 30(b)(6) Notice similarly sought information regarding MPI's "purchase, sale or manufacture" of fluorescent dye products, dye-labeled single nucleotides and allylamine nucleotides or aminoallyl dUTP/UTP, as well as sales documents pertaining to MPI's purchase of products from NEN from January 1, 1999 to August 28, 2005.[3] The Court expressly allowed discovery on these categories, Ms. Singer offered 30(b)(6) testimony, and MPI produced related documents. Indeed, Enzo's First Amended Set of Document Requests to MPI on Issues Raised in Its December 21, 2012 Motion for Summary Judgment contained Requests 1 and 4 which seek the same information Enzo now seeks in categories 4 and 5. In response to those Requests, MPI indicated that, while documents previously were produced, it would produce any additional responsive documents. Again, should Enzo identify with specificity the particular documents relevant to damages in the Enzo/Perkin Elmer litigation from MPI's previous productions in the Enzo/MPI litigation that it wishes to use in the Enzo/Perkin Elmer litigation, MPI would not unreasonably withhold its consent to their use by Enzo in that litigation.

Similarly, category 9 of the Subpoena seeks documents pertaining to MPI's "marketing, advertising, sales or promotional efforts" regarding Perkin Elmer-sourced products. This category seeks the same information as category 7 of the MPI 30(b)(6) Notice, which sought MPI's "pricing, marketing, advertising, sales, or promotional efforts or strategies." Again, the Court already allowed discovery on category 7 and MPI produced related testimony and documents. As noted above, should Enzo identify with specificity the particular documents relevant to damages in the Enzo/Perkin Elmer litigation from MPI's previous productions in the Enzo/MPI litigation that it wishes to use in the Enzo/Perkin Elmer litigation, MPI would not unreasonably withhold its consent to their use by Enzo in that litigation.

<u>Deposition Topics 1(i), (ii), (vii), 2(i) (ii), (viii), 3, 4 (i), (ii), (x), 6, 7</u> – Similar to Request for Production Nos. 1, 2, 6, 7, 8, 10 and 12, these categories are directed to Enzo's liability

---

[3] Request No. 11 of the Subpoena is redundant to Request No. 4.

1  claims and thus are in violation of Orders entered by the United States District Court for the
2  Southern District of New York. And these categories are unduly burdensome because MPI
3  already has produced documents and testimony responsive to many of these categories in the
4  MPI/Enzo litigation. In fact, Enzo has deposed Dr. Singer three times already in the case and
5  should not be permitted a fourth bite at that apple.

6  <u>Deposition Topics 1(iii), (iv), (v), (vi), 2(iii), (iv), (v), (vi), (vii), 4(iii), (iv), (v), (vi), (vii),
7  (viii), 5</u> – Similar to Request for Production Nos. 3, 4, 5, 9, and 11, these categories are
8  redundant and overly burdensome in that MPI already has produced responsive documents and
9  30(b)(6) testimony in conjunction with Enzo's March 8, 2013 Notice of Deposition to Molecular
10 Probes, Inc. on Non-Patent Issues Pursuant to Federal Rule of Civil Procedure 30(b)(6) ("MPI
11 30(b)(6) Notice").[4]

12 <u>Deposition Topics 8 and 9</u>: Topics 8 and 9, regarding the "participants," "market share",
13 "uses and sales" of Products in the commercial and research markets is in violation of the
14 District Court's Order to the extent that it seeks information regarding "research" uses of the
15 Products. To the extent the topics seek market share data, they are overly burdensome as to MPI,
16 a third party, as such information is equally accessible from PerkinElmer.

17 Finally, MPI objects to the dates specified in the Subpoena for compliance with both the
18 Document Requests and the Deposition Topics as they are burdensome and do not allow a
19 sufficient period for compliance, particularly in light of the extensive number of categories.

20 To the extent that any of information sought by the Subpoena is permitted, MPI is
21 entitled to recovery of its attendant costs. Any order requiring compliance with the Subpoena
22 should be conditioned on payment by Enzo of all costs of compliance.

**Consent to Transfer**

24 Pursuant to 45(2)(B)(f), MPI consents to transfer of its Objections and Motion to Quash
25 to the United States District Court for the Southern District of New York where the underlying

---

[4] Request No. 4(ix), which seeks a "development timeline", is far beyond the scope of the permitted damages discovery.

-6-

Case No. _____

MOLECULAR PROBES, INC.'S OBJECTIONS TO
THIRD-PARTY SUBPOENA

1 action is pending and which is presumably the issuing court.[5]

2     Dated: December 17, 2013.

3                                         Respectfully submitted,

5                                         /s/ Erik A. Christiansen
                                          FRANCIS M. WIKSTROM
                                          KRISTINE E. JOHNSON
6                                         ERIK A. CHRISTIANSEN
                                          PARSONS BEHLE & LATIMER
7                                         201 South Main Street, Suite 1800
                                          Salt Lake City, UT 84111
8                                         (801) 532-1234
                                          fwikstrom@parsonsbehle.com
9                                         kjohnson@parsonsbehle.com
                                          echristiansen@parsonsbehle.com

11                                        KATHERINE NOLAN-STEVAUX
                                          LIFE TECHNOLOGIES CORPORATION
12                                        1149 Chess Drive
                                          Foster City, CA
13                                        (650) 554-3584
                                          katherine.nolan-stevaux@lifetech.com

14                                        *Attorneys for Molecular Probes, Inc.*

---

[5] The Subpoena does not bear the name of the court, but bears the case name for the underlying matter pending in the Southern District of New York.

-7-

Case No. _____                    MOLECULAR PROBES, INC.'S OBJECTIONS TO
                                                          THIRD-PARTY SUBPOENA

# CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of December 2013, I served the foregoing **MOLECULAR PROBES, INC.'S OBJECTIONS TO THIRD-PARTY SUBPOENA TO TESTIFY AT DEPOSITION IN A CIVIL ACTION, MOTION TO QUASH AND CONSENT TO TRANSFER** to the following persons by electronic mail and first-class U.S. Mail:

> Ronald D. Lefton
> Greenberg Traurig, LLP
> 200 Park Avenue
> New York, NY 10166
> leftonr@gtlaw.com
>
> William G. McElwain
> Wilmer Cutler Pickering Hale and Dorr, LLP
> 1875 Pennsylvania Ave., NW
> Washington, DC 20006
> william.mcelwain@wilmerhale.com

/s/ *Kristine E. Johnson*

-8-

Case No. _____

MOLECULAR PROBES, INC.'S OBJECTIONS TO THIRD-PARTY SUBPOENA