UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ENZO BIOCHEM, INC., et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 03 CV 3817 (RJS) |
| | ) | |
| PERKINELMER, INC., and | ) | |
| PERKINELMER LIFESCIENCES, INC., | | |
| | ) | |
| Defendants. | ) | |

**MOLECULAR PROBES, INC.'S OBJECTIONS TO THIRD-PARTY SUBPOENA TO TESTIFY AT DEPOSITION IN A CIVIL ACTION**

Molecular Probes, Inc. ("MPI"), through counsel and in accordance with Rules 26 and 45 of the Federal Rules of Civil Procedure, hereby objects to the Subpoena to Testify in a Civil Action (the "Subpoena") (attached hereto as Exhibit A) served by Enzo Biochem, Inc. and Enzo Life Sciences, Inc. (together, "Enzo), on the following grounds:

**GENERAL OBJECTIONS UNDER RULE 45**

MPI objects to the Subpoena in its entirety on the grounds that it violates Fed.R.Civ.P. 45, for the following reasons:

First, the Subpoena purports to require MPI, an Oregon corporation with a principal place of business in Eugene, Oregon, to produce documents and appear at a deposition in New York, New York. Thus, the designated place of compliance is more than 100 miles from MPI's place of business, in violation of Fed.R.Civ.P. 45(c)(1)(A) and (B) and 45(c)(2)(A).

Second, the Subpoena does not allow MPI sufficient time to respond; MPI received a copy of the Subpoena on December 17, 2013, and the date specified for production of documents

is a mere two days later, on December 19, 2013.[1]  Nor are the dates specified for compliance reasonable in light of the extensive number of categories.

Third, Enzo failed to tender fees and mileage as required by Fed.R.Civ.P. 45(b).

Fourth, the Subpoena is in violation of Fed.R.Civ.P. 45(d)(1) because it imposes undue burden and expense on MPI.  In particular, Enzo purports to seek "all documents" regarding twelve separate categories, many of which contain numerous subparts.  Furthermore, the Subpoena seeks documents from January 1, 1999 to August 28, 2006.[2]  The majority of the documents generated in this period are in hard copy, rather than electronic, form, and thus can be located only by a time-consuming and labor intensive in-person search.  The burden imposed upon MPI by this effort is significant, and would far outweigh any potential relevance of such documents.  This is particularly true given that MPI has already produced numerous documents in response to a number of the specific requests, as outlined below.

Fifth, MPI objects to the Subpoena to the extent it seeks documents and testimony regarding vague and ambiguous terms, including "research use," "research market," "diagnostic or therapeutic use," "commercial purposes," and "commercially exploit."

Sixth, MPI objects to the Subpoena on the grounds that the topics and requests are vague, ambiguous, and do not describe the subject matter with reasonable particularity.

---

[1]  Enzo previously served a similar Subpoena on MPI that did not indicate the issuing Court, and purported to require compliance in Sacramento, California.  Enzo subsequently forwarded the instant Subpoena to counsel.

[2]  The August 2006 cutoff appears to be arbitrary and overly broad, as the damages cutoff for Enzo's claims against PerkinElmer ends in August 2005.  *See* Exh. B at p. 8.

Seventh, MPI objects to the instructions and definitions because they are vague and ambiguous and contain requirements beyond those prescribed by the Rules of Civil Procedure.

Eighth, MPI objects to the Subpoena because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it is duplicative and cumulative of information previously provided to Enzo through depositions, interrogatory responses, and document productions.

Ninth, MPI objects to the Subpoena to the extent that it seeks privileged attorney-client information and/or attorney work product.

MPI hereby incorporates each of its general objections, to the extent applicable, to the specific objections below, and reserves its rights to raise any other objections in the future.

## **SPECIFIC OBJECTIONS**

<u>Requests for Production Nos. 1, 2, 6, 7, 8, 10, 12</u> - These categories seek information from MPI in violation of an Order entered by the Court in the above-captioned matter. Specifically, at page 13 of its Memorandum and Order dated October 28, 2013, the Court indicated that further discovery by Perkin Elmer and Enzo must be limited to damages and expert discovery (attached as Exhibit B).  Furthermore, by letter to the Court dated November 1, 2013, which the Court endorsed, counsel for Enzo expressly recognized that damages discovery and expert discovery were the only remaining areas of discovery to be completed.  (Letter attached as Exhibit C).

In violation of that Order, these requests are all directed to Enzo's liability claims; *i.e.*, whether Perkin Elmer sold products to MPI in violation of the "research use" term in the Distribution Agreement, MPI's agreements with its customers regarding that term, and/or the

3

specific uses which were made of those products by MPI or its customers, and MPI's use of the "research use" term and related terms. The requests thus are untimely, as Enzo should have sought any such information much earlier, during the general discovery phase of the Perkin Elmer litigation or by the close of the limited additional discovery directed to Enzo's contract claims in April 2013.[3]

Furthermore, these requests are redundant and unduly burdensome because MPI already has produced many documents responsive to categories 1, 2, 6 and 7 in the pending litigation between Enzo and MPI (captioned *Enzo Biochem, Inc., et. al. v. Molecular Probes, Inc., et. al*, No. 03cv-3618). Should Enzo identify with specificity the particular documents relevant to damages in the Enzo/Perkin Elmer litigation from MPI's previous productions in the Enzo/MPI litigation that it wishes to use in the Enzo/Perkin Elmer litigation, MPI would not unreasonably withhold its consent to their use by Enzo in that litigation, assuming that they are subject to appropriate protections under the Protective Order entered in that litigation. Additionally, MPI representative Victoria Singer submitted extensive deposition testimony in the MPI/Enzo matter regarding categories 1, 2, 6, 7, 8, 10 and 12 on three separate dates: September 11 and 12, 2006 and April 9, 2013. Enzo also deposed other MPI witnesses, including Jill Hendrickson (February

---

[3] MPI notes that the documents and testimony sought by the Subpoena are not relevant to any claim against MPI in light of the December 6, 2013 Memorandum and Order entered in that matter. (Dkt. # 99). In that Order, the Court granted in full MPI's Motion for Partial Summary Judgment on Enzo's Non-Patent Claims. (Dkt. # 93). Pursuant to that Order, those claims pertaining to products obtained by MPI from PerkinElmer, Inc., or its predecessor, NEN, including unfair competition under state and federal law and tortious interference, have been dismissed as a matter of law. Accordingly, there is no remaining claim asserted against MPI that is based upon its purchase or resale of any product sourced from PerkinElmer or NEN.

25, 2003 and September 12, 2006), Allegra Helfenstein (September 8, 2006) and Kyle Gee (February 25, 2003), on some of the topics in these categories.

Finally, MPI objects to category 12 for the additional reason that it is overly broad and unduly burdensome in that it seeks documents pertaining to commonly used terms such as "research market" and "research use", without any limitation to the accused Products, as opposed to the entirety of MPI's product offerings.

<u>Requests for Production Nos. 3, 4, 5, 9, and 11</u>:  These categories are redundant and overly burdensome in that MPI already has produced responsive documents and 30(b)(6) testimony in the Enzo/MPI litigation in conjunction with numerous requests for production from Enzo and Enzo's March 8, 2013 Notice of Deposition to Molecular Probes, Inc. on Non-Patent Issues Pursuant to Federal Rule of Civil Procedure 30(b)(6) ("MPI 30(b)(6) Notice"). Specifically, categories 3, 4 and 5 of the Subpoena seek documents such as invoices, purchase orders and sales orders evidencing Products purchased or sold by MPI, or similar documentation identifying the products and quantities purchased by MPI from Perkin Elmer.  Categories 2-4 and 10 of the MPI 30(b)(6) Notice similarly sought information regarding MPI's "purchase, sale or manufacture" of fluorescent dye products, dye-labeled single nucleotides and allylamine nucleotides or aminoallyl dUTP/UTP, as well as sales documents pertaining to MPI's purchase of products from NEN from January 1, 1999 to August 28, 2005.[4]  The Court expressly allowed discovery on these categories, Ms. Singer offered 30(b)(6) testimony, and MPI produced related documents.  Indeed, Enzo's First Amended Set of Document Requests to MPI on Issues Raised in Its December 21, 2012 Motion for Summary Judgment contained Requests 1 and 4 which seek

---

[4] Request No. 11 of the Subpoena is redundant to Request No. 4.

4852-7602-6903.1

the same information Enzo now seeks in categories 4 and 5.  In response to those Requests, MPI indicated that, while documents previously were produced, it would produce any additional responsive documents.  Again, should Enzo identify with specificity the particular documents relevant to damages in the Enzo/Perkin Elmer litigation from MPI's previous productions in the Enzo/MPI litigation that it wishes to use in the Enzo/Perkin Elmer litigation, MPI would not unreasonably withhold its consent to their use by Enzo in that litigation, assuming that they are subject to appropriate protections under the Protective Order entered in that litigation.

Similarly, category 9 of the Subpoena seeks documents pertaining to MPI's "marketing, advertising, sales or promotional efforts" regarding Perkin Elmer-sourced products.  This category seeks the same information as category 7 of the MPI 30(b)(6) Notice, which sought MPI's "pricing, marketing, advertising, sales, or promotional efforts or strategies."  Again, the Court already allowed discovery on category 7 and MPI produced related testimony and documents.  As noted above, should Enzo identify with specificity the particular documents relevant to damages in the Enzo/Perkin Elmer litigation from MPI's previous productions in the Enzo/MPI litigation that it wishes to use in the Enzo/Perkin Elmer litigation, MPI would not unreasonably withhold its consent to their use by Enzo in that litigation, assuming that they are subject to appropriate protections under the Protective Order entered in that litigation.

<u>Deposition Topics 1(i), (ii), (vii), 2(i) (ii), (viii), 3, 4 (i), (ii), (x), 6, 7</u> – Similar to Request for Production Nos. 1, 2, 6, 7, 8, 10 and 12, these categories are directed to Enzo's liability claims and thus are in violation of Orders entered by the United States District Court for the Southern District of New York.  And these categories are unduly burdensome because MPI already has produced documents and testimony responsive to many of these categories in the

4852-7602-6903.1

MPI/Enzo litigation. In fact, Enzo has deposed Dr. Singer three times already in the case and should not be permitted a fourth bite at that apple.

Deposition Topics 1(iii), (iv), (v), (vi), 2(iii), (iv), (v), (vi), (vii), 4(iii), (iv), (v), (vi), (vii), (viii), 5 – Similar to Request for Production Nos. 3, 4, 5, 9, and 11, these categories are redundant and overly burdensome in that MPI already has produced responsive documents and 30(b)(6) testimony in conjunction with Enzo's March 8, 2013 Notice of Deposition to Molecular Probes, Inc. on Non-Patent Issues Pursuant to Federal Rule of Civil Procedure 30(b)(6) ("MPI 30(b)(6) Notice").[5]

Deposition Topics 8 and 9: Topics 8 and 9, regarding the "participants," "market share", "uses and sales" of Products in the commercial and research markets is in violation of the District Court's Order to the extent that it seeks information regarding "research" uses of the Products. To the extent the topics seek market share data, they are overly burdensome as to MPI, a third party, as such information is equally accessible from PerkinElmer.

To the extent that any of information sought by the Subpoena is permitted, MPI is entitled to recovery of its attendant costs. Any order requiring compliance with the Subpoena should be conditioned on payment by Enzo of all costs of compliance.

---

[5] Request No. 4(ix), which seeks a "development timeline", is far beyond the scope of the permitted damages discovery.

Dated: December 18, 2013.

Respectfully submitted,

/s/ Kristine E. Johnson
FRANCIS M. WIKSTROM
KRISTINE E. JOHNSON
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
(801) 532-1234
fwikstrom@parsonsbehle.com
kjohnson@parsonsbehle.com

KATHERINE NOLAN-STEVAUX
LIFE TECHNOLOGIES CORPORATION
1149 Chess Drive
Foster City, CA
(650) 554-3584
katherine.nolan-stevaux@lifetech.com

*Attorneys for Molecular Probes, Inc.*

...

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served, via e-mail and U.S. Mail, on the following persons on this 17th day of December 2013:

    Ronald D. Lefton
    Lauren Grassotti
    Greenberg Traurig, LLP
    200 Park Avenue
    New York, NY 10166
    leftonr@gtlaw.com
    grassottil@gtlaw.com

    William G. McElwain
    Wilmer Cutler Pickering Hale and Dorr, LLP
    1875 Pennsylvania Ave., NW
    Washington, DC 20006
    william.mcelwain@wilmerhale.com

    /s/ *Kristine E. Johnson*