

Ronal D. Lefton
Tel (212) 801-3159
Fax (212) 801-6400
leftonr@gtlaw.com

January 7, 2014

Kristine E. Johnson, Esq.
Parsons Behle & Latimer
201 South Main Street
Suite 1800
Salt Lake City, Utah 84111

      **Re:**      **Subpoena Served on Molecular Probes, Inc. in *Enzo Biochem***
               ***Inc., et al. v. PerkinElmer, Inc., et al.*, No. 03-cv-3817 (S.D.N.Y.)**

Ms. Johnson:

      On December 18, 2013 you objected to the subpoena which MPI's prior counsel, Mr. Jaegers, agreed to accept, because it did not specify a court of issuance and enforcement, and designated Sacramento, California as the location for compliance.  That subpoena was served on December 3, 2013.  We agreed, at your request, to issue a revised subpoena specifying the Southern District of New York as the court of issuance and the place for compliance, and that we would proceed in New York for all purposes.  We further agreed, in recognition that your client is a party to litigation in the Southern District of New York in a case consolidated for discovery with the PerkinElmer case, that any issues of enforcement will be addressed to Judge Sullivan.  We further told you on more than one occasion that if it becomes necessary to take the deposition of MPI we will do so in Oregon at its offices.  You now refuse to produce documents in response to the subpoena because you object to New York as the location of production.  Doing so is in utter bad faith.  First, you continue to refuse to identify what if anything MPI will produce.  Second, MPI as a party can certainly produce documents in New York and has done so.  There is no issue here of undue burden.  Rather there is only pretext.

      Tonight for the first time you have indicated that some of MPI's documents may exist in hard copy rather than electronic.  To be clear, once you advise what if any such documents MPI has to produce we will make appropriate arrangements.  It is likely we will request a complete set of documents and will pay the reasonable cost of reproduction or scanning and shipping.  To the extent your objection as to the location for compliance has any validity, we will at an appropriate time identify a location within 100 miles of MPI's offices where such copying or scanning can be accomplished.  To the extent that MPI's production will be electronic your objection makes no objective sense.

      The fundamental problem is that you refuse either to confirm that you will produce documents or to identify what documents MPI has which are responsive.  We will not issue a new subpoena as you have demonstrated bad faith and it is apparent you seek only to delay.  If in

Kristine E. Johnson, Esq.
January 7, 2014
Page 2

fact you intend to produce documents the location of production is a mere nit we can easily resolve once we know what comprises the universe of responsive documents to be produced.

Absent confirmation from you by 2 p.m., Eastern Time, January 8 that MPI will produce documents responsive to the subpoena we will contact Judge Sullivan.  When you identify whether documents will be produced electronically or in hard copy format, the nature of such documents, and the approximate volume, we will work out the mechanics of the production.

Very truly yours,

/s/ Ronald D. Lefton
Ronald D. Lefton

cc:    Lauren B. Grassotti