**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ENZO BIOCHEM, INC. and ENZO LIFE SCIENCES, INC., | |
| Plaintiffs, | |
| vs. | 03 Civ. 3817 (RJS) |
| PERKINELMER INC. and PERKINELMER LIFE SCIENCES INC., | |
| Defendants, | |
| and YALE UNIVERSITY | |
| Nominal Defendant. | |

**DEFENDANTS PERKINELMER INC. AND PERKINELMER LIFE SCIENCES INC.'S
RESPONSE TO PLAINTIFFS' MOTION TO COMPEL**

Defendants PerkinElmer Inc. and PerkinElmer Life Sciences Inc. ("PerkinElmer") submit this response to Plaintiffs Enzo Biochem Inc. and Enzo Life Sciences, Inc.'s ("Enzo") Motion to Compel ("Motion") directed to Molecular Probes, Inc. ("MPI").  For the reasons stated below, PerkinElmer respectfully submits that Enzo's Motion to Compel should be denied.

## BACKGROUND & PROCEDURAL HISTORY

Enzo filed its first complaint against a group of defendants, including PerkinElmer and MPI, on October 23, 2002 and refiled its Complaint against PerkinElmer in this action on May 28, 2003.  (D.I. 1.)  Discovery in this action was bifurcated, and the parties proceeded with liability discovery.

Over the course of the liability discovery period, Enzo has been granted numerous extensions to conduct liability discovery.  Most recently, on January 30, 2013, the Court granted Enzo's request for additional time to conduct liability discovery related to PerkinElmer's then-pending motion for summary judgment, but ordered that such discovery close on April 11, 2013. (D.I. 98.)

On October 28, 2013, the Court issued its Memorandum and Order granting in part and denying in part PerkinElmer's motion for summary judgment and ordering that the parties proceed with discovery limited to the issue of damages.  (*See* D.I. 119 at 13.)  On November 11, 2013, the Court entered a schedule for damages discovery and for pre-trial disclosures (D.I. 121). That schedule set the deadline for completing fact discovery related to damages for January 27, 2014.[1]

---

[1] The Court modified its November 11, 2013 schedule in limited part on January 24, 2014 (D.I. 137) and on January 28, 2014 (D.I. 141).  Neither modification affected the January 27, 2014 deadline for the completion of fact discovery as it applies to MPI.

## ARGUMENT

The Court should deny Enzo's motion to compel because it is untimely.   The deadline for the completion of fact discovery related to damages was January 27, 2014, the day Enzo filed its  motion.  As a result of Enzo's delay in bringing the motion, briefing will be complete only on or after February 14, just three days before the parties first exchange their inserts to the pretrial order on February 17 and four days before PerkinElmer files its expert reports on February 18. Even if Enzo were to prevail on its motion, it is unclear when the parties would receive any documents or take any deposition.

Enzo's delay in filing its motion to compel is a problem of its own making.  Although the Court so-ordered the parties' agreed-upon schedule on November 11, 2013, Enzo waited nearly a month before first attempting to serve a subpoena on MPI.  (Enzo Br. at 4.)  In its Motion, Enzo acknowledges that it is responsible for much of the subsequent delay—*e.g.*, by serving a defective subpoena, waiting eight days before responding to MPI's objections, only reaching out to MPI's counsel the day after the Christmas holiday, and then delaying four days from when MPI's counsel made themselves available to meet and confer (Enzo Br. at 4-5, n.3).  Most egregiously, Enzo waited  ten days from when it identified a dispute with MPI to file its motion to compel.  As it acknowledges in its Motion, any dispute with MPI matured at least as of January 17.  (*Id.* at 5.)

The Court should also deny Enzo's motion to compel because many of the Requests at issue improperly exceed the scope of damages discovery.  The breach of contract claim relevant to MPI is Enzo's claim that PerkinElmer and its distributors violated the restrictions in the parties' Distributorship Agreement that limited the sale of products to research uses only.  In opposition to PerkinElmer's motion for summary judgment, Enzo argued its interpretation of the

use restrictions and that "PerkinElmer Violated The Research Restrictions of the [Distributorship Agreement]" under that interpretation.  (D.I. 104 at 10.)  Enzo also enumerated sales and conduct that it alleged "were prohibited by the [Agreement]" under that interpretation, including, *inter alia*, alleged "wrongful conduct by MPI."  (*Id.* at 15.)  Based on Enzo's allegations, the Court held that the Agreement's use restrictions are ambiguous and that Enzo had articulated a genuine issue of material fact as to whether the conduct it had discovered amounted to a breach of the Agreement.  (*See* D.I. 119 at 5-6 ("Given the ambiguity of the use restrictions in the Distribution Agreement, [the question of breach] is for the jury to decide.").)

No doubt the Court expected damages discovery to be straightforward: to discover information identifying the dollar amount of those sales that, during the course of liability discovery, Enzo alleged violated the Agreement, and to calculate Enzo's claimed damages.  But that is not how damages discovery has proceeded.  Instead, under the pretense of damages discovery, Enzo's subpoena to MPI (and to PerkinElmer's other customers) [2] improperly seeks discovery directed to **whether** PerkinElmer or MPI violated the use restrictions, not **the damages** associated with any such violation.  Thus, Enzo's Request No. 6 seeks communications regarding MPI's "actual or contemplated use or sale of Products purchased from PerkinElmer" and "PerkinElmer's knowledge of [MPI's] actual or contemplated use or sale of such Products," and Request No. 10 seeks "all documents and communications concerning the contractual research use only restrictions applicable to Products sold by PerkinElmer."  (Grassotti Decl. Ex. A, at 5.)  Likewise, Enzo justifies its Request No. 3 as seeking discovery to "***identify the***

---

[2] Indeed, the fact that Enzo served nearly identical subpoenas seeking nearly identical liability discovery from close to fifty of PerkinElmer's customers and is still pursuing this discovery from MPI just weeks before trial betrays the fundamental problem with its case—that Enzo simply did not establish during the liability period that PerkinElmer's customers violated the research use limitations in the Agreement.  This is confirmed by the fact that Enzo's damages expert witness was unable to identify the sales that Enzo contends constituted improper "commercial" uses by the deadline for the submission of expert reports.  *See* February 2, 2014 Letter from Robert J. Gunther, Jr. to Honorable Richard J. Sullivan.

***downstream uses or sales*** by MPI of Products…***that <u>may</u> exceed the use restrictions*** in the Distribution Agreement." (Enzo Br. at 8.) Enzo states, in addition, that "[t]he production of the requested documents will…permit Enzo ***to identify the unauthorized uses or sales*** and ***provide a basis for the application of damages*** against PerkinElmer for said uses or sales." (*Id.*) These Requests and statements betray the impropriety of Enzo's subpoena and make it clear that Enzo is seeking liability discovery from MPI.

## CONCLUSION

For the reasons stated herein, PerkinElmer submits that Enzo's motion to compel is untimely and that its subpoena is improper and respectfully requests that Enzo's Motion to Compel be denied.

Dated: February 7, 2014

By: _Robert J. Gunther, Jr._____

Robert J. Gunther, Jr.
Omar A. Khan
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8830
omar.khan@wilmerhale.com

William G. McElwain (admitted *pro hac vice*)
Joshua L. Stern
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC  20006
(202) 663-6000
william.mcelwain@wilmerhale.com
joshua.stern@wilmerhale.com

*Attorneys for Defendants PerkinElmer, Inc.
and PerkinElmer Life Sciences, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2014, a true and correct copy of the foregoing RESPONSE

TO PLAINTIFFS' MOTION TO COMPEL was served upon counsel of record who have

appeared and are deemed to have consented to electronic service via the Court's CM/ECF system

pursuant to Local Civil Rule 5.2, and was served upon the following counsel for Third-Party

Molecular Probes, Inc. via electronic mail:

> FRANCIS M. WIKSTROM
> KRISTINE E. JOHNSON
> PARSONS BEHLE & LATIMER
> 201 South Main Street, Suite 1800
> Salt Lake City, UT 84111
> fwikstrom@parsonsbehle.com
> kjohnson@parsonsbehle.com
>
> KATHERINE NOLAN-STEVAUX
> LIFE TECHNOLOGIES CORPORATION
> 1149 Chess Drive
> Foster City, CA
> katherine.nolan-stevaux@lifetech.com

> /s/ Robert J. Gunther, Jr.
> Robert J. Gunther, Jr.
> WILMER CUTLER PICKERING
> HALE AND DORR LLP
> 7 World Trade Center
> 250 Greenwich Street
> New York, NY 10007
> (212) 230-8830
> omar.khan@wilmerhale.com
>
> *Attorneys for Defendants PerkinElmer, Inc. and*
> *PerkinElmer Life Sciences, Inc.*