UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------- x
ENZO BIOCHEM, INC. and                              :
ENZO LIFE SCIENCES, INC.                            :
                                                    :
                       Plaintiffs,   :
            v.                                :    No. 03-CV-3817 (RJS)
                                                    :
PERKINELMER, INC. and                               :
PERKINELMER LIFE SCIENCES, INC.,                    :
                                                    :
                       Defendants.   :
                                                    :
------------------------------------------------------------------------------- x

**PLAINTIFFS ENZO BIOCHEM, INC. AND
ENZO LIFE SCIENCES, INC.'S REPLY MEMORANDUM OF LAW
<u>IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL</u>**

**PRELIMINARY STATEMENT**

Molecular Probes, Inc.'s ("MPI") opposition is wrought with mischaracterizations and flimsy attempts at revisionist history. Though MPI attempts to portray itself as an innocent bystander to this litigation being hauled before this Court against its will by Enzo through service and enforcement of a non-party subpoena, nothing could be further from the truth. MPI remains, as the Court is no doubt aware, a defendant in Enzo's related action against it which is still pending before this Court. Further, counsel for MPI expressly consented on more than one occasion to being before this Court in connection with Enzo's enforcement of the subpoena at issue. MPI also misleadingly attempts to portray itself as the model of diligence and good faith in its efforts to comply with Enzo's subpoena in contrast to Enzo's purported procedural missteps and delay-causing tactics. In fact, though, during the almost two month course of Enzo's attempted negotiations to address MPI's objections to the scope of the subpoena and minimize MPI's burden of compliance (if any), MPI's counsel steadfastly refused to commit to any reasonable proposal offered by Enzo, reneged on informal agreements, disavowed prior representations, and caused delay. Indeed, many of the alleged procedural defects MPI raises in its opposition are attributable to it, not Enzo. Enzo revised and amended its subpoena to MPI on several occasions after its counsel indicated that such technical changes to the form of the subpoena would clear the way for MPI to be able to comply with the substance of the document requests. MPI, however, improperly sought to take advantage of Enzo's practically-grounded willingness to focus on substance over form and used each minor edit to the form of the subpoena as an opportunity for further recalcitrance and delay.

MPI also improperly asserts objections as to the scope of the Requests exceeding the permissible bounds of damages discovery. To the extent any such objections are proper, they are

not MPI's to assert.  MPI is simply continuing its campaign (undertaken in concert with other defendants in the related cases) to keep under wraps for over a decade the evidence which Enzo needs (and which will) establish its damages at trial.  Trial is nearing in this action and the time for suppression is over.  MPI should be compelled to comply with the Subpoena and its obligations under the Federal Rules of Civil Procedure, so that Enzo can obtain the properly requested damages discovery it seeks and return its focus to preparing for trial.

## ARGUMENT

I.  **ENZO'S SUBPOENA AND MOTION ARE PROCEDURALLY PROPER UNDER RULE 45**

MPI first asserts a number of procedural objections to the subpoena, presumably to direct the Court's focus away from MPI's own recalcitrance and failure to comply with its obligations under Rule 45.  MPI's objections are erroneous.  As detailed in Enzo's moving brief, and as reflected in supporting exhibits, Enzo issued the operative subpoena on December 17, 2013 (the "Subpoena") (though MPI had a copy of it since December 3) and counsel for MPI agreed to accept service of it the very next day. (Moving Br. at 4; Grassotti Decl. Exs. D, E, F).  On January 9, 2014, counsel for MPI agreed to accept service of a subpoena which identified this Court as the issuing court and designated a location for compliance in Eugene, Oregon, well within 100 miles of MPI's offices.  (*See* Grassotti Reply Decl., Ex. K).  Counsel for MPI also agreed that the January 9th subpoena amended the Subpoena *nunc pro tunc*. (*See id.*). Accordingly, MPI's assertion that Enzo "first" served it with a valid Rule 45 on subpoena on January 9, 2014 is at least disingenuous, and clearly incorrect.

MPI's objection to the Subpoena on the ground that Enzo failed to tender a witness fee and mileage allowance is baseless.  As MPI acknowledges in its opposition (though it inaccurately takes credit for initially raising the issue), both it and Enzo contemplated that a

2

deposition of an MPI witness would not likely be necessary, assuming MPI would agree to (and actually) provide a certification authenticating any documents it produced in response to the Subpoena.  (*See* Opp. at 5 n.2; *see also* Grassotti Decl., Ex. C).  Accordingly, the Subpoena, as understood by the parties and as Enzo is presently seeking to enforce it on this Motion, demands only the production of documents (including a business records certification).   The cases cited by MPI, (Opp. at 8-9), in which courts quashed or declined to enforce subpoenas where witness fees were not tendered when the appearance of the subpoenaed party for a deposition was still sought, are therefore inapposite.  *See*, *e.g.*, *In re Dennis*, 330 F.3d 696, 705 (5th Cir. 2003) ("A *deposition witness* is entitled to a statutory fee of forty dollars and a reasonable mileage allowance based on his mode and distance of transportation.") (emphasis added).  Here, no deposition witness is sought and no witness fees are required. *See Benek v. Kansas City Life Ins. Co.*, No. C07-5142FDB, 2008 WL 356661, *1 (W.D. Wash. Feb. 6, 2008) (holding that "witness fees are not required for a [Rule 45] subpoena that merely requires the production of documents").

MPI's objection to the forum of Enzo's motion is similarly baseless and particularly egregious given that counsel for MPI expressly consented to it on several occasions. Specifically, and as reflected in the correspondence between counsel for MPI and Enzo, on December 17, 2013 counsel for MPI and Enzo "agreed, in recognition that [MPI] is a party to litigation in the Southern District of New York in a case consolidated for discovery with the PerkinElmer case, that any issues of enforcement will be addressed to Judge Sullivan." (Grassotti Decl., Ex. G).  MPI also consented in its first set of written objections to the Subpoena, captioned before the Eastern District of California, to "transfer of its Objections and Motion to Quash to the United States District Court for the Southern District of New York where the

3

underlying action is pending and which is presumably the issuing court" under Rule 45(f). (*Id.*, Ex. D at 6). Indeed, MPI's second set of written objections, dated December 18, 2013, was captioned before this Court. (*Id.*, Ex. E). MPI's contrary arguments raised for the first time in opposition to this motion strain credulity and are just another example of MPI's sharp practice in connection with its response to the Subpoena.[1]

## II. MPI HAS FAILED TO COMPLY WITH ITS OBLIGATIONS UNDER RULE 45 TO PRODUCE DOCUMENTS IN RESPONSE TO THE SUBPOENA

MPI also erroneously argues that its obligations in responding to the Subpoena are somehow diminished because it is not a named party in Enzo's suit against PerkinElmer. Under Federal Rule of Civil Procedure 45, however, MPI "is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34." *First Am. Corp. v. Price Waterhouse LLP*, 154 F.3d 16, 21 (2d Cir. 1998); *see also* Fed. R. Civ. P. 34(c) ("[A] nonparty may be compelled to produce documents and tangible things or to permit an inspection."). The Subpoena thus seeks relevant information under Rule 26(b)(1), which "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Ireh v. Nassau Univ. Med. Ctr.*, No. CV 06-09, 2008 WL 4283344, at *5 (E.D.N.Y. Sept. 17, 2008); *see also* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (3d ed. 2008).

MPI does not dispute that a non-party may only object to a discovery request if the request is irrelevant, overbroad, or unduly burdensome. *See, e.g. Klein v. AIG Trading Grp. Inc.*,

---

[1] MPI also asserts, but only in a footnote, that the Motion was untimely. (Opp. 10, n.4). A review of the docket sheet reveals the Motion was timely filed on January 27, 2014, the fact discovery cut-off. (*See* Dkt. No. 138). Even PerkinElmer's submission notes Enzo's Motion was filed on that date. (*See* Dkt. No. 150 at 2) ("The deadline for the completion of fact discovery related to damages was January 27, 2014, the day Enzo filed its motion.").

4

228 F.R.D. 418, 422 (D. Conn. 2005).  Nor does it dispute that in seeking to avoid compliance with Document Request Nos. 3, 4, 6, and 10, MPI has the burden of showing that they are "not relevant or how each question is overly broad, unduly burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."  *Id*. (internal citations omitted).  Rather than offer facts or evidence of burden, MPI mischaracterizes the record and baldly asserts that the "Requests which are the subject of Enzo's motion seek either information which already has been produced, or are in violation of prior Orders entered by this Court and/or are nonresponsive." (Opp. at 10).

Contrary to MPI's categorical denials, all of the Requests at issue on this motion properly seek documents and information relevant and reasonably tailored to Enzo's damages case against PerkinElmer.[2]

*Request Nos. 3 and 4*.  These Requests appropriately seek documents describing purchases, by MPI and other customers, as well as sales of Products.  The dispute here largely concerns the approximately 500 boxes in MPI's custody, control, and possession, which MPI admits "consist[s] of invoices and purchase orders representing MPI's sales to its own customers." (Opp. at 6).  MPI erroneously asserts that review and production of these documents is unnecessary because it produced *one* document[3] in response to the Subpoena — and the 500 boxes "merely represent back-up". (*Id.* at 11).  The production of a summary spreadsheet does

---

[2] MPI's other objections regarding document requests as to which Enzo has not moved to compel a response, (Opp. at 9), are, of course, entirely irrelevant.

[3] Presumably to suggest a fulsome compliance with the Subpoena, MPI falsely refers to having produced "documents," *plural*, in response to the Subpoena.  The Section of the Opposition entitled, "Documents Produced by MPI," exposes this falsehood at its start:  "As it had agreed to do, MPI produced responsive documents to Enzo on January 17, 2014.  **That production consisted of an excel spreadsheet** . . . ." (*Id.* at 5) (emphasis added).

not, however, render unnecessary the production of relevant and responsive "back-up" data. *See World Healthcare Sys., Inc. v. Surgical Servs., Inc.,* 1:10-CV-60, 2011 WL 849318 at *2 (E.D. Tenn. Mar. 8, 2011) (recognizing that trustworthiness concerns of undisclosed documents underpinning a summary are inherent in the Federal Rules of Evidence, and finding it improper to deny a party's discovery of the same type of documents to verify the summary's accuracy) (citing *Kehoe Component Sales, Inc. v. Best Lighting Prods., Inc.*, No. 2:08-cv-752, 2010 WL 596501 at *4 (S.D. Ohio Feb. 16, 2010)).

MPI admits it did not (and could not) review each of the documents in each of the boxes, but acknowledges that they may all contain potentially responsive materials. (Opp. at 7; Johnson Decl. Ex. H). MPI conceals, however, that Enzo offered to expend its own resources to conduct an on-site review of the boxes for documents responsive to its Subpoena so as to avoid the purportedly "undue burden" MPI here argues it will suffer. (Opp. at 11). In a testament to its good faith, Enzo negotiated extensively with MPI to work out mutually agreeable logistics for Enzo's proposed review of documents, eventually agreed to certain of MPI's arbitrary restrictions (including to the number of people permitted to conduct the review), and also agreed that Enzo's review would not constitute a waiver by MPI of any applicable privilege (though privilege issues were unlikely to arise given MPI's representations that the documents primarily consisted of invoices from MPI to third parties). On January 17, 2014, Enzo believed the end was in sight and that it would finally be able to begin review of MPI's documents on January 20th.[4] Enzo accordingly made last-minute travel arrangements for its counsel to travel to

---

[4] Enzo did not "change[] its mind," or otherwise reverse course on January 17th. (Opp. at 7). Rather, during counsel's initial phone call on that date, Enzo's counsel indicated that it would need to assess whether its planned on-site review still made sense given MPI's counsel's disclosure for the first time on that call that the contents of the boxes likely were limited to MPI's invoices to its customer and did not include PerkinElmer's invoices to MPI as MPI

6

Eugene, Oregon over the then-upcoming holiday weekend.[5] Late in the evening of January 17th, however, MPI incredibly sought to impose additional terms and restrictions on Enzo's planned review of documents, none of which it had ever mentioned to Enzo, and all of which were unreasonable and completely unnecessary. These terms and restrictions included a MPI veto power of any documents deemed responsive by Enzo as well as a lack of access to telephones or notes during the review. (*See* Grassotti Decl. Ex. H).

***Request Nos. 6 and 10***. MPI's main objection to these Requests is that they seek discovery of information related to liability issues and not damages. As detailed by Enzo in its moving brief, these Requests are aimed not at whether any sales by PerkinElmer occurred outside the research restrictions (*i.e.*, liability), but at parsing out the revenues resulting from breaching sales (direct by PerkinElmer or downstream) from those resulting from non-breaching sales, so that the damages calculations can be applied to the correct sales (*i.e.*, damages). (Moving Br. at 8). In practice, of course, this division is not airtight and it is inevitable that issues of liability and damages overlap to some degree. For instance, here, to the extent that any of MPI's sales of Products exceeded the research restrictions, they will affect the amount of lost profits and/or disgorgement damages Enzo will be entitled to recover from PerkinElmer as a result of its failure to use best efforts to prevent MPI from making such sales. But, since the liability/damages

---

previously represented, and that the volume of boxes at issue had apparently increased five-fold (from 100 to 500) from their prior discussions. Enzo's counsel followed up with MPI's counsel on a second phone call later that day and informed MPI that it did plan to proceed with its on-site review, despite the sudden change in landscape. Moreover, Enzo did not unilaterally dictate the planned start date for its review. MPI agreed without reservation that January 20, 2014 was acceptable to it. (Grassotti Decl. Ex. H; Johnson Decl. Ex. H).

[5] MPI seeks to draw the purportedly inescapable conclusion that Enzo must have concealed its intention not to conduct its planned document review on January 20th, simply because it notified MPI of its decision on January 19th. (Opp. at 7-8). MPI's conclusion is, of course, nonsensical. Enzo did incur significant costs, however, as a result of its forced last minute-cancellation.

7

discovery bifurcation cannot be undone, the Court should not preclude discovery that clearly is directed toward damages issues even if, in practice, there is some overlap with liability-related issues.  Further, this objection is not MPI's to assert.  As MPI has oft-reminded Enzo and the Court, it is not a party to Enzo's action against PerkinElmer.  MPI may not use its status as a non-party here as both a shield and a sword.

### III.  MPI'S CROSS-MOTION FOR COSTS SHOULD BE DENIED

Finally, MPI's cross-motion for costs is spurious.  MPI has not specified, let alone substantiated, any of its supposed costs.  Further, any such costs (assuming *arguendo* they exist) are likely far outweighed by Enzo's own costs (of both time and money) expended as a result of MPI having walked away from each seeming-agreement reached with Enzo and in connection with this Motion.  Nor has MPI provided any basis for an award of costs.  MPI's Opposition does not refer to any statute, rule of procedure, or case law that would permit such an award.  MPI presumably never identifies this basis for its cross-motion because it is plainly inconsistent with MPI's argument against the Subpoena, in that only "[t]he court for the district where compliance is required . . . [may] impose an appropriate sanction . . . ." Fed. R. Civ. P. 45(d)(1).  MPI cannot contend, on the one hand, that this Court is not "[t]he court for the district where compliance is required" – rendering the Subpoena deficient – but "[t]he Court is the court for the district where compliance is required" for purposes of imposing sanctions.[6]

---

[6] Finally, PerkinElmer's submission in "response" to this Motion is improper and the Court should disregard it.  The Court's Orders of January 31, 2014 and February 13, 2014 regarding the briefing of this Motion did not refer to PerkinElmer, and certainly did not authorize it to submit papers.  While PerkinElmer understandably would like to keep evidence of its rampant wrongdoing and in support of the consequent damages concealed, that does not give it standing to intervene in this dispute.  However, to the extent the Court does deem PerkinElmer's submission part of the record on this Motion, Enzo respectfully requests an opportunity to respond.

8

## CONCLUSION

For the foregoing reasons, Enzo respectfully requests that the Court grant this Motion to Compel and issue an order (a) directing MPI to (i) produce documents in response to Request Nos. 3, 4, 6, and 10; (ii) provide a certification sufficient to permit admission of any such produced documents pursuant to Federal Rule of Evidence 902(11) and/or (12); and (b) granting Enzo such other relief the Court may deem appropriate.

Dated:  New York, New York
        February 13, 2014

/s/ Lauren B. Grassotti
Michael Burrows
Jeffrey R. Mann
Ronald D. Lefton
Lauren B. Grassotti
GREENBERG TAURIG, LLP
200 Park Avenue
New York, NY 10166
(212) 801-9200

*Attorneys for Plaintiffs Enzo Biochem, Inc. and Enzo Life Sciences, Inc.*