UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2 - 19 - 14
```

ENZO BIOCHEM, INC., *et al*

                              Plaintiffs,

     -v-

PERKINELMER, INC., *et al.*,

                              Defendants.

No. 03 Civ. 3817 (RJS

ORDER

RICHARD J. SULLIVAN, District Judge:

     The Court is in receipt of the motion of Plaintiffs Enzo Biochem Inc. and Enzo Life Sciences Inc. ("Enzo") to compel third-party Molecular Probes, Inc. ("MPI") to comply with a subpoena, along with various supporting documents filed by Enzo (Doc. Nos. 138–144), MPI's opposition to the motion to compel, along with various supporting documents filed by MPI, (Doc. Nos. 147–149), and Enzo's reply in further support of its motion to compel (Doc. Nos. 153, 154).[1]  The Court is also in receipt of MPI's cross-motion for costs "associated with MPI's unnecessary and avoidable travel to Eugene, Oregon, on January 20, 2014 for a document production cancelled by Enzo[,]" (Doc. No. 147), and Enzo's opposition to this cross-motion (Doc. Nos. 153, 154).  For the reasons set forth below, Enzo's motion to compel is granted in part and denied in part, and MPI's cross-motion for costs is denied.

---

[1] The Court is also in receipt of Defendants PerkinElmer Inc. and PerkinElmer Life Sciences Inc.'s response in opposition to the motion to compel.  (Doc. No. 150.)

I.   BACKGROUND

Enzo filed its first complaint against a group of defendants, including PerkinElmer and MPI, on October 23, 2002, and refiled its Complaint against PerkinElmer in this action on May 28, 2003. (Doc. No. 1.) Discovery in this action was bifurcated between liability and damages. Liability discovery eventually concluded on April 11, 2013. (Doc. No. 98.) PerkinElmer filed a motion for summary judgment, which the Court granted in part and denied in part in a Memorandum and Order dated October 28, 2013. (Doc. 119.) Relevant to the instant motion, the Court denied summary judgment on Enzo's breach of contract claim, which alleged that PerkinElmer and its distributers (including MPI) violated the restrictions in the parties' distributorship agreement that limited the sale of products to research uses only. (*Id.*)  In the same Order, the Court ordered the parties to submit a joint pretrial schedule that included deadlines for discovery on the issue of damages. (*Id.*) Accordingly, on November 11, 2013, the Court endorsed the parties' joint proposed schedule for "Damages and Expert Discovery and Pretrial Submissions," which set a deadline of January 27, 2014 for the completion of "[p]arty depositions and any third-party discovery relating to damages." (Doc. No. 121.) The text of the parties' joint submission makes crystal clear that any remaining discovery would be limited to Enzo's damages case and experts providing, in relevant part:

a.  Enzo shall serve a general description of its theories of damages by November 15, 2013. The description need not include numbers but will be in sufficient detail to allow PE to determine what discovery, if any, it needs to respond to Enzo's damages case.

b.  PE shall serve its rebuttal statement to Enzo's description of its theories of damages by November 22, 2013 in the same level of detail.

c.  The parties will exchange informal requests for discovery and meet and confer by November 27 to discuss the content of additional discovery, if any, related to damages.

d.  Any disputes about the additional discovery shall be presented to the Court by December 2.

e.  Any additional documents or interrogatory responses will be provided by the parties by December 18.

      f. Party depositions and any third-party discovery relating to damages shall be completed by January 27, 2014.

(*Id.*) On December 17, 2013, during the damages discovery phase of this litigation, Enzo served

MPI with a Rule 45 subpoena (the "Subpoena"). Enzo filed its motion to compel on January 27,

2014, the deadline for completion of "[p]arty depositions and any third-party discovery relating

to damages." (Doc. Nos. 138 – 144.) Specifically, Enzo seeks compliance with requests 3, 4, 6,

and 10 in Schedule A of the Subpoena, which seek the following materials:

      3. For each Product purchased or sold by You, all invoices, purchase orders, sales orders, shipping documents, receipts, compilations, and summaries related to such purchases or sales.

      4. To the extent not produced in response to Request No. 3, for each Product purchased by You from PerkinElmer, all documents sufficient to show the following:
              (a) identification of the Product purchased;
              (b) quantity of the product purchased;
              (c) date of the purchase;
              (d) Your purchase price.

      . . .

      6. All communications concerning Your actual or contemplated use or sale of Products purchased from PerkinElmer, including without limitation, all documents concerning PerkinElmer's knowledge of Your actual or contemplated use or sale of such Products

      10. All documents and communications concerning the contractual research use only restrictions applicable to Products sold by PerkinElmer.

(*See* Subpoena, Schedule A at 1-2.)

## II.   ANALYSIS

      Rule 26(b) of the Federal Rules of Civil Procedure allows parties to "obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" *See* Fed.

R. Civ. P. 26. The allowable scope of discovery "has been construed broadly to encompass any

matter that bears on, or that reasonably could lead to other matter that could bear on, any issue

3

that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Rule 45, which governs subpoenas, requires the subpoenaing party to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *See* Fed. R. Civ. P. 45(d)(1).

### A.  Enzo's Motion to Compel

With respect to requests 3 and 4, the Court finds that these requests seek relevant information and are not unduly burdensome.  Accordingly, Enzo's motion to compel production of requests 3 and 4 is granted.  With respect to requests 6 and 10, the Court finds that these requests improperly seek discovery regarding liability – *i.e.*, whether PerkinElmer or MPI breached the restrictions in the parties' distributorship agreement that limited the sale of products to research uses only – not the damages associated with such a violation.  Because these requests are pertinent to PerkinElmer's liability, they should have been made in phase one of discovery and are not appropriate in the damages phase.  Consequently, Enzo's motion to compel production of the materials described in requests 6 and 10 is denied.

### B.  MPI's Cross-Motion for Costs

MPI's cross-motion for costs, included – seemingly as an afterthought – in MPI's opposition to Enzo's motion to compel, merely states that MPI seeks "all costs associated with MPI's unnecessary and avoidable travel to Eugene, Oregon, on January 20, 2014 for a document production cancelled by Enzo."  (Doc. No. 147.)  MPI provides no authority or substantive argument in support of its cross-motion.  Moreover, given that this Order compels production of requests 3 and 4, MPI's earlier expenditure in connection with this production cannot be said to have been wholly avoidable or unnecessary.  Accordingly, MPI's cross-motion for costs is denied.

III.   CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Enzo's motion to compel MPI is GRANTED with respect to requests 3 and 4 and DENIED with respect to requests 6 and 10.  IT IS FURTHER ORDERED that MPI's cross-motion for costs is DENIED.

The Clerk of the Court is respectfully directed to terminate the motions pending at docket numbers 138 and 147.

SO ORDERED.

DATED:      February 19, 2014
            New York, New York

                                    _____
                                    RICHARD J. SULLIVAN
                                    UNITED STATES DISTRICT JUDGE

5