UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENZO BIOCHEM, INC. and <br> ENZO LIFE SCIENCES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PERKINELMER, INC. and <br> PERKINELMER LIFE SCIENCES, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )    03-CV-3817 (RJS) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OF LAW IN SUPPORT OF ENZO'S
MOTION *IN LIMINE* NO. 2 TO PRECLUDE ARGUMENT
OR EVIDENCE OF OTHER CLAIMS AND OTHER LAWSUITS**

Plaintiffs Enzo Biochem, Inc. and Enzo Life Sciences, Inc. (collectively, "Enzo" or "Plaintiffs"), through their counsel, respectfully submit this Motion *in Limine* No. 2 to preclude Defendants PerkinElmer, Inc. and Perkin Elmer Life Sciences, Inc. (collectively, "PerkinElmer" or "Defendants") from introducing any argument or evidence of other claims and other lawsuits or proceedings pertaining to Enzo's patents or other agreements.

## ARGUMENT

Enzo respectfully requests that the Court issue an order precluding the introduction of argument or evidence at trial concerning (1) claims previously asserted by Enzo in this action that have been withdrawn or dismissed; and (2) other lawsuits or proceedings involving Enzo and its patents or products. Such evidence is irrelevant, unfairly prejudicial, and inadmissible hearsay.

Enzo's original complaint in this action asserted various patent, contract, and tort claims against PerkinElmer. The scope of this action has since been narrowed. The Court has dismissed some of these claims on summary judgment and Enzo has withdrawn others. (*See*

Dkt. Nos. 82 and 119.) As a result, the only issues remaining for trial are Enzo's breach of contract claims regarding the parties' integrated Distributorship and Settlement Agreements (collectively, the "Agreement"). Nevertheless, PerkinElmer's deposition designations and exhibit list entries indicate that it intends to introduce evidence related to other lawsuits, such as deposition testimony from Enzo's CEO about the existence and allegations of other lawsuits relating to Enzo's patents and distributorship agreements with third parties. For the reasons set forth below, any argument or evidence concerning the prior claims in this action, or other lawsuits or proceedings involving Enzo should be precluded because such evidence is irrelevant, unfairly prejudicial, and inadmissible hearsay.

Enzo, though, recognizes that discovery in this matter was consolidated with discovery in several other lawsuits,[1] and that documents or testimony provided in those actions may be properly admitted into evidence at trial because they are relevant to Enzo's instant breach of contract claims or for other purposes. Therefore, Enzo seeks to exclude only reference to the existence of and allegations in the other lawsuits in which such documents or testimony was provided. Accordingly, to reduce juror confusion and bias, Enzo respectfully requests that when such evidence is proffered at trial, reference to its source or other litigation should be precluded, and it should be regarded as if it had been provided in this action.

---

[1] The other lawsuits consolidated for discovery were (1) *Enzo Biochem, Inc. et al. v. Affymetrix, Inc.*, 04-CV-01555 (RJS); (2) *Affymetrix, Inc. v. Enzo Biochem, Inc. et al.*, 03-CV-8907 (RJS); (3) *Enzo Biochem, Inc. et al. v. Amersham PLC, et al.*, 02-CV-8448 (RJS); (4) *Enzo Biochem, Inc. et al. v. Molecular Probes, Inc.*, 03-CV-3816 (RJS); (5) *Enzo Biochem, Inc. et al. v. Orchid Biosciences, Inc.*, 03-CV-3819 (RJS); (6) *Roche Diagnostics GMBH et al. v. Enzo Biochem, Inc. et al.*, 04-CV-4046 (RJS); and (7) *Enzo Biochem, Inc. et al. v. Sigma-Aldrich Corp., et al.*, 03-CV-03820. (*See* Taub Decl. Ex. 12.) This motion also seeks to exclude reference to other lawsuits or proceedings, including but not limited to (1) *Enzo Biochem, Inc. et al. v. Applera Corp. et al.*, 04-CV-00929 (JBA); (2) *Pasteur v. Enzo Biochem, Inc. et al.*, 91-CV-02955 (LJF); (3) any litigation involving Dr. David C. Ward; and (4) any proceedings before the United States Patent and Trademark Office.

I.  **ARGUMENT OR EVIDENCE REGARDING CLAIMS NO LONGER IN THIS ACTION SHOULD BE PRECLUDED UNDER RULES 402 AND 403**

A.  **Argument or Evidence of Other Claims is Irrelevant Under Rule 402**

As defined by the Federal Rules of Evidence, "[e]vidence is relevant if . . . (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. If an item of evidence "does not tend to prove a material fact, it is irrelevant. . . . A material fact is one that would affect the outcome of the suit under the governing law." *Arlio v. Lively*, 474 F.3d 46, 52 (2d Cir. 2007) (internal quotations and citations omitted). "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

Argument or evidence regarding claims that are no longer part of a case and have no bearing on any element of an extant claim is irrelevant and should be precluded under Rule 402. *See Hamza v. Saks Fifth Ave, Inc.*, No. 07 Civ. 5974(FPS), 2011 WL 6187078, *6-8 (S.D.N.Y. Dec. 5, 2011) (excluding evidence of previously dismissed claim as irrelevant); *Chrisholm v. Sloan-Kettering*, No. 09 Civ. 8211(VM), 2011 WL 2015526, *5 (S.D.N.Y. May 13, 2011) (precluding evidence of withdrawn claim not encompassed by sole remaining claim). Enzo's prior common law claims are irrelevant because none of the remaining contract issues involves or is dependent upon them. The same is true of Enzo's patent infringement claims. *See* Enzo's Motion *in Limine* No. 1; *Shaw v. E.I. DuPont de Nemours*, 126 Vt. 206, 208-09 (1967 ("The rights and remedies available under the patent are not exclusive. [Enzo] could elect to waive the patent infringement and rely on the defendant's contractual undertaking") (*citing Henry v. A.B. Dick Co.*, 224 U.S. 1 (1912)); *EOS Electro Optical Sys. v. DTM Corp.*, No. SA CV 00-1230 DOC (MLGx), 2002 WL 43536679, *7 (C.D. Cal. Feb. 6, 2002) ("breach of contract action is distinct from one for patent infringement, and may be brought even where a patent infringement

suit is improper."). Evidence of prior claims in this action will not assist the jury by making any relevant fact "more or less probable." Fed. R. Evid. 402. Accordingly, such evidence is irrelevant and should be excluded under Rule 402.

### B. Argument or Evidence of Other Claims is Unfairly Prejudicial Under Rule 403

To the extent evidence concerning claims no longer in this case is deemed relevant to the contract claims remaining to be tried, such evidence should still be precluded under Rule 403 as its probative value, if any, would be "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" means "an undue tendency to suggest decision on improper basis." Fed. R. Evid. 403, Advisory Committee's Notes (2011).

Any marginal probative value, if any, of evidence of prior claims in this action is substantially outweighed by unfair prejudice to Enzo, the likelihood that the presentation of the evidence would mislead and confuse the jury on the relevant issues, and the needless wasting of time needed to respond on dismissed or withdrawn claims. For these reasons, courts routinely preclude such argument or evidence. *See, e.g.*, *Dollman v. Mast Indus.*, No. 08 Civ. 10184 (WHP), 2011 WL 3911035, *5 (S.D.N.Y. Sept. 6, 2011) (excluding evidence that plaintiff's additional claims were dismissed as not probative and prejudicial); *Park West Radiology v. CareCor Nat'l LLC*, 675 F. Supp. 2d 314 (S.D.N.Y. 2009) (excluding references to preliminary injunction ruling and other prior disputes on similar grounds).

The only purposes for which PerkinElmer would offer evidence concerning the fact that Enzo had asserted additional claims and the allegations supporting those claims would be to make improper suggestions about Enzo's reputation and/or imply that the Court's rulings on

those claims indicates that Enzo's current claims are somehow lacking. Presentation of such evidence would be unfairly prejudicial to the extreme, as it would run the risk that the jury may defer to the earlier results rather than decide the current claims on the evidence before it. *See Roche Diagnostics Operations, Inc. v. Abbott Diabetes Care*, 756 F. Supp. 2d 598, 604-05 (D. Del. 2010), *aff'd in part and rev'd in part on other grounds, Roche Diagnostics Operations, Inc. v. Lifescan Inc.*, 452 Fed. Appx. 989, 998 (Fed. Cir. 2012) (upholding exclusion of patent infringement rulings as irrelevant and prejudicial to non-patent claims); *Cook v. Hatch Assocs.*, No. 02 Civ. 0065A, 2007 WL 1267023 (W.D.N.Y. April 30, 2007) (excluding EEOC determination letters because jury might be misled to think all of plaintiff's claims were meritless simply because some claims were dismissed). For the foregoing reasons, references to claims that are no longer in this case should be excluded under Rule 403, if not under Rule 402.

## II. ARGUMENT OR EVIDENCE REGARDING OTHER LAWSUITS SHOULD BE PRECLUDED UNDER RULES 402 AND 403

Argument and evidence relating to other lawsuits not involving PerkinElmer, particularly the pleadings and rulings therein, should also be precluded under Rules 402 and 403. Such evidence cannot affect the outcome of this breach of contract action and is irrelevant. None of the other lawsuits involved the Agreement at issue, and therefore neither their existence nor their allegations would be probative of any relevant issue in deciding whether PerkinElmer breached the Agreement. Accordingly, argument or evidence relating to other lawsuits should be precluded as irrelevant. *See Arlio*, 474 F.3d at 52-53 (evidence of prior arbitration between the parties should have been excluded as irrelevant).

Even if evidence relating to other lawsuits is deemed relevant to the instant dispute, such evidence should still be precluded under Rule 403 as unfairly prejudicial. "Indeed, courts generally exclude evidence of other lawsuits." *Bd. of Trs. of AFTRA Retirement Fund v.*

*JPMorgan Chase Bank, N.A.*, 860 F. Supp. 2d 251, 254 (S.D.N.Y. 2012) (excluding evidence of similar lawsuits); *accord Arlio v. Lively*, 474 F.3d at 53 ("courts are reluctant to cloud the issues in the case at trial by admitting evidence relating to previous litigation involving one or both of the same parties") (internal citation omitted).  Rule 403 is "properly utilized to prevent the jury from reaching its decision based on a prior finding—in essence, ratifying the earlier decision—instead of basing its verdict on the evidence presented in the instant case." *Guidi v. Inter-Continental Hotels Corp.*, No. 95 Civ. 9006(LAP), 2003 WL 1907904, *1 (S.D.N.Y. April 16, 2003) (excluding evidence of facts and results of related Egyptian proceeding to avoid unwarranted "sideshow").  Any marginal relevance of the other lawsuits is substantially outweighed by the risks of unfair prejudice, misleading the jury, confusion of the issues, and delay.  *See, e.g., Park West Radiology*, 675 F. Supp. 2d at 330; *Figueroa v. Boston Scientific Corp.*, No. 00 Civ. 2922(DC), 2003 WL 21488012, *4 (S.D.N.Y. June 27, 2003) (excluding evidence other lawsuits).

### III. EVIDENCE OF COURT RULINGS IN OTHER LAWSUITS SHOULD ALSO BE PRECLUDED AS INADMISSIBLE HEARSAY

Moreover, even if the other lawsuits or proceedings are deemed relevant, any references to the rulings therein should be excluded as inadmissible hearsay.  *See* Fed. R. Evid. 802.  "Judicial findings in other cases proffered as evidence are generally characterized as inadmissable [sic] hearsay.  No specific exceptions apply under the Federal Rules of Evidence." *Blue Cross & Blue Shield of New Jersey, Inc. v. Philip Morris, Inc.*, 141 F. Supp. 2d 320, 323 (E.D.N.Y. 2001) (Weinstein, J.) (excluding judicial findings of fact as hearsay and unfairly prejudicial) (internal citations omitted).  Accordingly, such evidence should be excluded at trial for the further reason that it is inadmissible hearsay for which no exception applies.  *See, e.g., Park West Radiology*, 675 F. Supp. at 330 (excluding pleadings in other lawsuits as hearsay and

6

prejudicial); *Gaffney v. Dep't of Info. Tech. and Telecomms.*, 579 F. Supp. 2d 455, 459 (S.D.N.Y. 2009) (excluding evidence of court decision on summary judgment motion as hearsay, irrelevant, and potentially confusing to the jury).

## CONCLUSION

Accordingly, for the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion *in Limine* in its entirety.

Dated: March 4, 2014

**GREENBERG TRAURIG, LLP**

By: __/s/ Ronald D. Lefton_____

Ronald Lefton (LeftonR@gtlaw.com)
Jeffrey Mann (MannJ@gtlaw.com)
Roy Taub (TaubR@gtlaw.com)
John Elliott (ElliottJ@gtlaw.com)
Justin MacLean (MacLeanJ@gtlaw.com)

200 Park Avenue
New York, New York 10166
(212) 801-9200

*Attorneys for Plaintiffs Enzo Biochem, Inc. and Enzo Life Sciences, Inc.*