UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ENZO BIOCHEM, INC. and )
ENZO LIFE SCIENCES, INC., )
                                                              )
        Plaintiffs, )
                                                              )    03-CV-3817 (RJS)
      v. )
                                                               )    **FILED UNDER SEAL**
PERKINELMER, INC. and )
PERKINELMER LIFE SCIENCES, INC., )
                                                             )
        Defendants. )

**MEMORANDUM OF LAW IN SUPPORT OF ENZO'S MOTION *IN LIMINE*
NO. 3 TO PRECLUDE TESTIMONY AND EVIDENCE REGARDING THE
<u>PURPORTED IMPACT OF ENZO'S RESTRICTIONS ON ITS PRODUCTS' USE</u>**

      Plaintiffs Enzo Biochem, Inc. and Enzo Life Sciences, Inc. (collectively, "Enzo") respectfully submit this Motion *in Limine* No. 3 to preclude Defendants PerkinElmer Inc. and PerkinElmer Life Science Inc. (collectively "PerkinElmer") from introducing any argument or evidence tending to show or imply that Enzo's restrictions on its products' use somehow negatively impacted or impeded development of diagnostic or therapeutic applications, or other commercial development or exploitation, that could have advanced life sciences.

## ARGUMENT

      This case arises out of the parties' integrated Distributorship and Settlement Agreements (collectively, the "Agreement"), which govern, *inter alia*, PerkinElmer's limited rights to manufacture, sell and distribute certain products listed in exhibits to the Agreement. As the Court knows, Enzo contends, among other things, that the Agreement restricted the sale, use, and distribution of its products, and that PerkinElmer, its subdistributors, and their customers violated these restrictions. At trial, the jury will be called upon to determine whether PerkinElmer breached the Agreement and, if so, the extent of damages Enzo sustained as a result.

At points in discovery in this action and the actions with which it was consolidated for purposes of discovery, deponents or documents have speculated or commented upon the purported impact of Enzo's restrictions on the use of its products, in particular the impact or impairment of developments and advancement in diagnostic and therapeutic purposes. For example, Dr. Louis P. Berneman, one of PerkinElmer's expert witnesses, testified that ▬

▬

▬

▬

▬ (*See* Taub Decl. Ex. 13 at 185:11-186:8, 187:19-188:8.)

Such testimony or "evidence" as to the sweeping effects of Enzo's restrictions is not only speculation and opinion, but entirely irrelevant to the interpretation of the Agreement at issue. In any event, the probative value of such evidence is greatly outweighed by the unfair prejudice to Enzo of being viewed (inaccurately) as a company that has stood in the way of medical advancement simply by enforcing the contractual restrictions for which it had bargained. To ensure a fair trial, Enzo respectfully requests that this Court issue an order precluding PerkinElmer from introducing any evidence relating or referring to the purported impact of Enzo's restrictions on its products' use.

## I. TESTIONY AND EVIDENCE REGARDING THE PURPORTED IMPACT OF ENZO'S RESTRICTIONS ON ITS PRODUCTS' USE SHOULD BE PRECLUDED UNDER RULE 402 AS IRRELEVANT

The Federal Rules of Evidence specify that "[e]vidence is relevant if . . . (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. In this case, the jury will be tasked with determining whether the parties complied with the Agreement. There is no dispute that Enzo

was entitled to restrict the use, sale, or distribution of its products. The framework and terms of the Agreement reflect that undisputed fact.

More specifically, as Enzo was entitled to do under the specific terms of the Agreement, ███████████████████████████ ███████████ (*See* Taub Decl. Ex. 1 at § 5.) ███████████ ███████████████████████████ ██ █ ███ ████ ████ █ ██ ██████ ███████████████ (*See* Taub Decl. Ex. 1 at §1(e).) Speculative and sweeping opinions that these restrictions imposed or negatively impacted the advancement of diagnostic or therapeutic purposes – in addition to being grossly speculative and inadmissible opinion, (Fed. R. Evid. 701) – have no bearing whatsoever on the meaning of the relevant Agreement provisions or assessing the parties' performance under the Agreement. Any such "evidence" will not make any relevant fact pertaining to Enzo's breach of contract claim "more or less probable." Fed. R. Evid. 401. As PerkinElmer lacks any legitimate reason for referring to such evidence or argument, the Court should exclude it as plainly irrelevant.

## II. TESTIMONY AND EVIDENCE REGARDING THE PURPORTED IMPACT OF ENZO'S RESTRICTIONS ON ITS PRODUCTS' USE SHOULD BE PRECLUDED UNDER RULE 403 AS UNFAIRLY PREJUDICIAL

Even relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Unfair prejudice is "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Djangmah v. Falcione*, No. 08 Civ. 4027(KPF), 2013 WL 6388364, *10 (excluding evidence of defendant's prior bad act as unfairly prejudicial); *see also* Joseph M. McLaughlin, ed., *Weinstein's Fed. Evid.* §

403.04[1][b] (2d ed. 2000) ("Prejudice is also unfair if it is designed to elicit a response from the jurors that is not justified by the evidence.").

Even in the unlikely event it is deemed relevant to Enzo's contract claims, speculative opinion on any purported consequence of Enzo's restrictions on its products' use should be excluded because it is highly inflammatory and unfairly prejudicial. The introduction of evidence or argument which suggests that Enzo prevented or impeded the advancement of science, medicine, diagnostics and/or research would improperly appeal to jurors' emotions and biases and implicitly invite them to reach a decision in this contract action on an improper emotional basis. Rule 403 clearly prohibits any such tactic. *See* Fed. R. Evid. 403, Advisory Committee's Notes (2011) ("'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.").

For example, a senior official from Molecular Probes, Inc. ("MPI"), ▬ ▬ ▬ openly speculated about the perceived deleterious consequences of Enzo's restriction of such use of its products:



(Taub Decl. Ex. 14 at 426:14-427:3.)

This testimony is plainly inflammatory and, if introduced at trial, would likely upset the jury and seek to inflame their emotions against Enzo. *See, e.g., Epstein v. Kalvin-Miller Int'l., Inc.*, 121 F. Supp. 2d 742, 746 (excluding evidence of plaintiff's medical condition beyond that to which parties stipulated as prejudicial); *U.S. Football League v. National*

4

*Football League*, No. 84 Civ. 7487, 1986 WL 5802, *3 (S.D.N.Y. May 16, 1986) (excluding "we were in bed with Oakland" remark because its introduction would have "great emotive impact on a jury") (internal citation omitted). Thus, any marginal or tangential relevance this evidence might have is substantially outweighed by the danger that such evidence would embed juror bias, "inflame the jurors' emotions, play on their sympathies, or mislead them." *United States v. Tonawanda Coke Corp.*, No. 10-CR-219S, 2013 WL 672280, *10 (W.D.N.Y. Feb. 22, 2013) (excluding inflammatory evidence concerning dead deer despite relevance).

Moreover, this evidence should be excluded because its introduction would cause undue delay and divert juror attention from the relevant issues. *See* Fed. R. Evid. 403. As Enzo disputes such sweeping and conclusory comments concerning the consequences of its conduct, if PerkinElmer were permitted to introduce such evidence, Enzo would be required to spend significant attention and time presenting its response and rebuttal. Enzo would offer testimony explaining the business considerations at hand in each situation and proffer evidence of its extensive support of research and development to help diagnose and cure disease. (*See, e.g.,* Taub Decl. Ex. 15 at GT001419 ("Enzo Therapeutics, Inc. [a wholly-owned subsidiary of Enzo Biochem, Inc.] is leading the development of medicines based on genetic and immune regulation to combat cancer, viral and other diseases.")) The presentation of this evidence would inevitably create a trial within a trial, and needlessly prolong the length of trial on collateral issues. *See Guidi v. Inter-Continental Hotels, Corp.*, No. 95 Civ. 9006(LAP), 2003 WL 1907904, *2 (S.D.N.Y. April 16, 2003) (excluding evidence to avoid unwarranted sideshow).

## CONCLUSION

Accordingly, for the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion *in Limine* in its entirety.

Dated: March 4, 2014

GREENBERG TRAURIG, LLP

By: _____

Ronald Lefton (LeftonR@gtlaw.com)
Jeffrey Mann (MannJ@gtlaw.com)
John Elliott (ElliottJ@gtlaw.com)
Justin MacLean (MacLeanJ@gtlaw.com)
Roy Taub (TaubR@gtlaw.com)

200 Park Avenue
New York, New York 10166
(212) 801-9200

*Attorneys for Plaintiffs Enzo Biochem, Inc. and Enzo Life Sciences, Inc.*