UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENZO BIOCHEM, INC. and ENZO LIFE SCIENCES, INC., <br><br>Plaintiffs, <br><br>v. <br><br>PERKINELMER, INC. and PERKINELMER LIFE SCIENCES, INC., <br><br>Defendants, <br><br>and YALE UNIVERSITY, <br><br>Nominal Defendant. | No. 03-CV-3817 (RJS) |

**MEMORANDUM OF LAW IN SUPPORT OF ENZO'S
MOTION *IN LIMINE* NO. 4 TO PRECLUDE EVIDENCE OR
ARGUMENT CONCERNING SPECIFIC COMPENSATION INFORMATION**

Plaintiffs Enzo Biochem, Inc. and Enzo Life Sciences, Inc. (collectively, "Enzo") respectfully move *in limine* for an order precluding Defendants PerkinElmer, Inc. and PerkinElmer Life Sciences, Inc. (collectively, "PerkinElmer") from introducing evidence or argument at trial related to the specific amount of compensation (including stock options) paid to Enzo's Chairman and Chief Executive Officer, Elazar Rabbani, Ph.D.

**ARGUMENT**

Evidence or argument regarding Dr. Rabbani's specific compensation as Chairman and Chief Executive Officer of Enzo should be excluded from trial as irrelevant and unfairly prejudicial. PerkinElmer has designated for use at trial portions of Dr. Rabbani's deposition

testimony from a related case, *Roche Diagnostics GmbH, et al. v. Enzo Biochem, Inc., et al.*, No. 04 Civ. 4046 (RJS), referring to his specific compensation as Chairman and Chief Executive Officer of Enzo. *See* Joint Pre-Trial Order, filed March 4, 2014. During their deposition of Dr. Rabbani on September 27, 2013, lead counsel for PerkinElmer – acting as lead counsel for Roche – asserted that his inquiries about Dr. Rabbani's specific compensation (including his stock options) was relevant to his bias as a witness. *See, e.g.*, Taub Decl. Ex. 16 at 26:21 ("It goes to bias."); *id.* at 29:20-21 ("It goes to bias. It goes to bias.").

Such evidence is plainly irrelevant. Evidence about the amount of compensation paid to Dr. Rabbani does not have any tendency to make any material fact at issue in this case more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. PerkinElmer appears to suggest that such evidence would help to establish that Dr. Rabbani has some speculative financial interest in the outcome of the instant litigation, and that his testimony is therefore biased.

As Chairman and Chief Executive Officer, Dr. Rabbani is certainly bound to work for the profitability of his company and Enzo's performance could affect Dr. Rabbani's compensation. This, though, is true of virtually every senior business executive. The actual amount of Dr. Rabbani's compensation (whether current, potential, or speculative based on various results at trial) would remain irrelevant. The dollar figure or number of shares in question adds nothing to the attenuated bias theory that PerkinElmer suggests, which is already premised on the assumption that Enzo's performance could affect his compensation in general (again, as is the case with virtually every other senior business executive). Evidence about the amount of Dr. Rabbani's compensation is, therefore, irrelevant under Rule 401 and should be precluded under

Rule 402.  *See*, *e.g.*, *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, No. 04 CIV 10014 PKL, 2009 WL 3111766, *6 (S.D.N.Y. Sept. 28, 2009) ("While the method of compensation is probative of a theory that hedging decisions were based on compensation and not mitigation, the Court has serious doubts about the relevance of the actual dollar figure of the Bondholders' compensation.").

Even if Dr. Rabbani's specific compensation is deemed relevant, such evidence should still be excluded as any marginal probative value it might have would be substantially outweighed by the danger that it would lead to "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  Specific information about the wealth of an Enzo officer would unduly invite a verdict based on an emotional reaction to that wealth. "[A]ny limited probative value of [the actual dollar amount of a relevant party's compensation] is outweighed by its potential to bias the jury under Rule 403."  *Aristocrat Leisure*, 2009 WL 3111766 at *6; *see also Kinsey v. Cendant Corp.*, 588 F. Supp. 2d 516, 518 (S.D.N.Y. 2008) (excluding evidence about "compensation package" because "parties are not permitted to argue to the fact finder's potential economic sympathies or prejudices"); *L–3 Commc'ns Corp. v. OSI Sys., Inc.,* No. 02 Civ. 9144(PAC), 2006 WL 988143, *6 (S.D.N.Y. Apr. 13, 2006) (granting in limine motion excluding evidence of witness's wealth because it was "clearly irrelevant," "and its inclusion would be unfairly prejudicial").  The introduction of any specific compensation, though, would unfairly inject a prejudicial aspect into the case that is unnecessary and inappropriate.

## CONCLUSION

For the foregoing reasons, Enzo respectfully requests that this Court grant its Motion *in Limine* and preclude PerkinElmer from referring to specific compensation paid (including stock options) to Dr. Rabbani.

Dated:  March 4, 2014

        **GREENBERG TRAURIG, LLP**

        By:   /s/ Ronald D. Lefton

        Ronald D. Lefton
        (leftonr@gtlaw.com)
        Jeffrey R. Mann
        (mannj@gtlaw.com)
        Roy Taub (taubr@gtlaw.com)
        John J. Elliott (elliottj@gtlaw.com)
        Justin A. MacLean
        (macleanj@gtlaw.com)

        200 Park Avenue
        New York, NY  10166
        (212) 801-9200

        *Attorneys for Plaintiffs Enzo Biochem, Inc. and Enzo Life Sciences, Inc.*