IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------x
ENZO BIOCHEM, INC. and                    :
ENZO LIFE SCIENCES, INC.,                 :
                                          :
                  Plaintiffs,             :     No. 03 civ. 3817(RJS)
                                          :
        v.                                :
                                          :
PERKINELMER, INC. and                     :
PERKINELMER LIFE SCIENCES, INC.,          :
                                          :
                  Defendants,             :
                                          :
and,                                      :
                                          :
YALE UNIVERSITY,                          :
                                          :
                  Nominal Defendant       :
-----------------------------------------------------------x
```

## PLAINTIFFS ENZO BIOCHEM, INC.'S AND ENZO LIFE SCIENCES, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO QUASH SUBPOENA

COUSINS CHIPMAN & BROWN, LLP
380 Lexington Avenue
17th Floor
New York, New York 10168
cole@ccbllp.com
Tel:   (212) 551-1152
Fax:   (302) 295-0199

*Attorneys for Plaintiffs Enzo Biochem, Inc.
and Enzo Life Sciences, Inc.*

Dated: March 13, 2014

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

BRIEF BACKGROUND ......................................................................................................1

Enzo's Need For Information From Ambion............................................................................1

Ambion Moves To Quash The Subpoena................................................................................2

THE MOTION TO QUASH SHOULD BE DENIED .................................................................3

        A.     Enzo Properly Designated The Place Of Compliance ...............................................3

        B.     Service Of The Subpoena Was Proper.......................................................................4

        C.     Ambion Failed To Establish Undue Burden .............................................................6

        D.     Ambion Has Had Adequate Time To Comply .........................................................8

        E.     Life Technologies' Omnibus Objections Should Be Overruled ...............................8

CONCLUSION....................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Abu-Nassar v. Elders Futures, Inc.*, 1991 WL 45062 (S.D.N.Y. Mar. 28, 1991) ..................7

*Adams v. Dolgencorp*, LLC, 2012 WL 1867123 (M.D. La. May 22, 2012) ......................5

*Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co.*,
    262 F.R.D. 293 (S.D.N.Y. 2009) ..................................................................................6

*Brown v. Hendler*, No. 09 Civ. 4486(RLE),
    2011 WL 321139(S.D.N.Y. Jan. 31, 2011) ...................................................................4

*Discover Fin. Servs., Inc. v. Visa U.S.A., Inc.*,
    2006 WL 1699566 (S.D.N.Y. June 20, 2006) ...............................................................3

*First Am. Corp. v. Price Waterhouse LLP*, 154 F.3d 16 (2d Cir. 1998) ..............................9

*In re Rule 45 Subpoena Issued to Cablevision Sys. Corp.*,
    2010 WL 2219343 (E.D.N.Y. Feb. 5, 2010) ..................................................................8

*In re Stratosphere Corp. Sec. Litig.*,
    183 F.R.D. 684 (D. Nev. 1999) .....................................................................................5

*Kirschner v. Klemons*, 2005 WL 1214330 (S.D.N.Y. May 20, 2005) .................................6

*Klockner Namasco Holdings Corp. v. Daily Access.com, Inc.*,
    211 F.R.D. 685 (N.D. Ga. 2002) ...................................................................................5

*Miles v. Saint Alphonsus Regional Medical Center, Inc.*,
    2011 WL 162222 (D. Idaho Jan. 15, 2011 .....................................................................5

*PHE, Inc. v. Department of Justice*,
    139 F.R.D. 249 (D.D.C. 1991) ......................................................................................5

*Twentieth Century Fox Film Corp., v. Marvel Enterprises, Inc.*,
    2002 WL 1835439 (S.D.N.Y. Aug. 8, 2002) .................................................................3

*Whitserve LLC v. Computer Packages, Inc.*,
    2013 WL 6169280 (D. Conn. Nov. 22, 2013) ...............................................................5

**Rules**

Fed. R. Civ. P. 45(a)(1)(A)(iii) ...................................................................................................3
Fed. R. Civ. P. 45(b) ....................................................................................................................5
Fed. R. Civ. P. 45(b)(1)............................................................................................................4, 5
Fed. R. Civ. P. 45(d) ....................................................................................................................8
Fed. R. Civ. P. 45(d)(3)................................................................................................................5
Fed. R. Civ. P. 45(d)(3)(iv) ..........................................................................................................6

**Publications**

9 J. Moore et al., MOORE'S FEDERAL PRACTICE ¶ 45.51[4] (3d ed. 2009) ........................................7

Plaintiffs Enzo Biochem, Inc. and Enzo Life Sciences, Inc. (collectively, "Enzo") submit this memorandum in opposition to the Motion to Quash the subpoena (the "Motion") directed to Life Technologies Corporation ("Life Technologies") and indirectly Ambion, Inc. ("Ambion"). For the reasons set forth below, the Motion should be denied and Life Technologies be ordered to produce the requested documents and present a witness to testify concerning the listed matters.

## BRIEF BACKGROUND

### Enzo's Need For Information From Ambion

An element of Enzo's damages concerns PerkinElmer's sale of Biotin-labeled CTP and UTP as separate items rather than as part of Enzo's T-7 kit, which PerkinElmer was to use its best efforts to sell under the parties' Distributorship Agreement. In selling Biotin-labeled CTP and UTP in this manner, PerkinElmer encouraged its customers to buy the remaining kit components from Ambion, instead of buying Enzo T-7 kits containing the same nucleotides. Enzo's damages are based upon the kit sales lost as a result of PerkinElmer's failure of good faith and fair dealing in encouraging customers to purchase Ambion kit components for use with Enzo nucleotides, rather than selling Enzo kits containing the nucleotides—*i.e.*, T-7 kits.

Determining Enzo's lost sales starts with the identities, terms and quantities of Ambion kits sold for use with Biotin-labeled CTP and UTP, the customers to which they were sold, and the dates of sale. This information will permit a comparison of the suspect PerkinElmer sales with the Ambion kit sales. The source of that predicate information is Ambion, since Ambion sold the corresponding kits. Accordingly, Enzo prepared and directed a subpoena to Ambion to obtain the necessary sales information.

## Ambion Moves To Quash The Subpoena

Enzo's subpoena for documents and a deposition of a corporate representative, dated Friday, January 10, 2014, was intended to be served upon Life Technologies' agent for process. (Motion, Ex. A.) The documents were due to be produced on January 22, 2014 and the deposition was to occur on January 27, 2014—the date by which damages discovery was to have been completed. As explained in the Motion, Ambion is a wholly-owned subsidiary of, and is thus controlled by, Life Technologies. (Motion at 2.) Given the limited time before the end of the damages discovery period, serving Life Technologies as the controlling parent was a better option than attempting to find the precise entity within Life Technologies that may be in possession of responsive documents and information. (*See* Declaration Of Adam D. Cole, Esq. In Opposition To Motion To Quash Subpoena ["Cole Decl."] ¶3.)[1]

In an attempt to deliver the subpoena more efficiently, on Monday, January 13, 2014, we contacted Life Technologies' counsel to determine whether she was authorized to accept service of the subpoena. (Cole Decl. ¶5.) Life Technologies' counsel requested that the subpoena be sent by electronic mail, from which she would determine her authority. (*Id.*) Later in the day, Life Technologies' counsel agreed to accept service, reserving any objections; during a later telephone call, Life Technologies' counsel advised that she would move to quash principally on the ground that the corporate restructurings of Ambion made documents and information difficult to locate within the time period in the subpoena. (*Id.*)

After notifying Enzo, on January 21, 2014, Ambion filed the Motion in the United States District Court for the Central District of California, which was scheduled for hearing on March

---

[1] Indeed, it would be extremely difficult for Enzo to know the corporate entity or division within Life Sciences with ultimate possession of responsive information given the many intervening corporate restructurings and transactions. (*See* Motion at 2, n.1.)

10, 2014. The Motion raises, in essence, four objections: (1) the designated location for compliance with the subpoena was outside the 100 mile limit set forth in Rule 45; (2) Enzo's tender of witness and mileage fees; (3) the timing of subpoena compliance, and (4) a general hodgepodge of document request objections that boil down to an objection to the burden, relevance and scope of the subpoena. The Motion to Quash was transferred to this Court pursuant to Rule 45(f) on or about March 3, 2014.

## THE MOTION TO QUASH SHOULD BE DENIED

### A.   Enzo Properly Designated The Place Of Compliance

Life Technologies' asserts that the location of compliance is more than 100 miles from Ambion's purported offices in Austin, Texas. (Motion at 2.) However, Ambion concedes it is a wholly-owned subsidiary of, and within the control of, Life Technologies, which is located in Carlsbad, California—only 51 miles from the place of compliance in Irvine, California. Under Rule 45 of the Federal Rules of Civil Procedure, Life Technologies is subject to subpoena for documents and information within its "possession, custody, or control," including documents and information of its wholly-owned subsidiary, Ambion. Fed. R. Civ. P. 45(a)(1)(A)(iii); *see Discover Fin. Servs., Inc. v. Visa U.S.A., Inc.*, 2006 WL 1699566, at *1 (S.D.N.Y. June 20, 2006) ("[n]umerous courts have concluded that a parent corporation has a sufficient degree of ownership and control over a wholly[ ]owned subsidiary that it must be deemed to have control over documents located with this subsidiary"); *Twentieth Century Fox Film Corp., v. Marvel Enterprises, Inc.*, 2002 WL 1835439 at *4 (S.D.N.Y. Aug. 8, 2002) (applying control principles to depositions of subsidiary corporate designees). The subpoena, accordingly, is valid as it seeks

3

documents and information that are within the "possession, custody and control" of Life Technologies—a company within 100 miles of the place of compliance in Irvine, California.[2]

**B.      Service Of The Subpoena Was Proper**

Life Science's next objection—that Enzo "failed to tender fees and mileage" (Motion at 2)—should also be overruled. In the first instance, the subpoena requests documents for which no witness fee or mileage is required. A witness fee and mileage is only necessary when the "subpoena requires that person's attendance" to enable the costs of appearing for testimony to be defrayed. Fed R. Civ. P. 45(b)(1).

In any event, Enzo delivered a witness fee and mileage, albeit after the initial subpoena was delivered to Life Technologies' counsel by electronic mail. Delivering the subpoena by electronic mail enabled Life Technologies' counsel to determine whether she had authority to accept service, and to prepare and file the Motion before the date on which documents were due. A check for a witness fee and mileage could not have been delivered by electronic mail; rather on January 30, 2014—six weeks before the Motion was scheduled to be heard, and thus long before any deposition would have occurred—Enzo sent to Life Sciences' counsel the witness fee and mileage attached to a supplemental subpoena prepared solely for the purpose of tendering the witness fee and mileage. (Cole Decl. ¶8 & Ex. "A".)

In this context, Life Technologies' objection that the service was incomplete, because a witness fee and mileage did not accompany the subpoena accepted for service by electronic mail, should be overruled. To be sure, some courts have held that a failure to tender a witness fee and mileage at the time of service of the subpoena invalidates a deposition subpoena. *See, e.g., Brown v. Hendler*, No. 09 Civ. 4486(RLE), 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011).

---

[2] Of course, if it would be more convenient for Ambion to produce documents and a witness in Austin, Enzo will accept documents and conduct its deposition in that city.

But nothing in Rule 45(b) requires simultaneous delivery; Rule 45(b) states that "service" is completed when the subpoena is delivered and the fee and mileage is tendered. Fed. R. Civ. P. 45(b). And indeed, Rule 45(d) does not list a non-simultaneous fee as among the instances requiring a subpoena be modified or quashed. *See* Fed R. Civ. P. 45(d)(3).

It is for these reasons that other courts hold that simultaneous tender is, at most, a technical defect in the completion of service. *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999) ("The failure to pay witness and mileage fees, required by Fed. R. Civ. P. 45(b)(1) renders service incomplete."). Service is completed with delivery of the witness fee and mileage prior to the deposition to enable its use to travel to and appear at the deposition—the very purpose for the witness fee and mileage in the first place. *See, e.g., Whitserve LLC v. Computer Packages, Inc.*, 2013 WL 6169280, at *3 (D. Conn. Nov. 22, 2013) ("considering that the insufficient sum" accompanying a subpoena "was promptly cured" the "error does not warrant the quashing of the subpoenas"); *Adams v. Dolgencorp*, LLC, 2012 WL 1867123, at *1 (M.D. La. May 22, 2012) (any "alleged defect" in delivery of witness fee and mileage is remedied by tender "in advance of the scheduled deposition"); *Miles v. Saint Alphonsus Regional Medical Center, Inc.*, 2011 WL 162222, at *3 n. 3 (D. Idaho Jan. 15, 2011) (no need to "address the issue further" when the failed tender of witness fees "will have been cured before entry of the Court's order here"); *PHE, Inc. v. Dep't of Justice*, 139 F.R.D. 249, 255 (D.D.C. 1991) ("to the extent that the failure to accompany the Rule 45 subpoena . . . with a check rendered the subpoenas technically defective, the subsequent tender of the check corrected any deficiency"). *See also Klockner Namasco Holdings Corp. v. Daily Access.com, Inc.*, 211 F.R.D. 685, 687 (N.D. Ga. 2002) ("a witness is entitled to the fees before appearance is compelled," and therefore

5

tender of witness fees before the deposition "may justify compelling [a witness] to attend his deposition subsequent to the tender").

Here, Enzo was unable to deliver the witness fee and mileage by electronic mail. Enzo thereafter completed service of the subpoena by attaching a check for the witness fee and mileage to a supplemental subpoena for the very purpose of tender. (Cole Decl. ¶8, Ex. "A".) The witness fee and mileage were sent to Life Technologies' counsel more than one month prior to Life Technologies' Motion was scheduled to be heard, and therefore long before any deposition could ultimately occur. Accordingly, delivery of the witness fee and mileage was not only valid in the first instance—it was delivered with a supplemental deposition subpoena long before any deposition would occur—but completed service of the initial subpoena under Rule 45. For these reasons, Life Technologies' objection should be overruled.

### C.   <u>Ambion Failed To Establish Undue Burden</u>

Ambion next contends that the subpoena is overly burdensome and vague because it seeks information of any offending Ambion product from January 1, 1999 to August 28, 2005 and that Ambion went through a series of corporate restructurings, and thus concludes that a compilation of documents would be "time-consuming and labor intensive." (Motion at 2, 3.) To justify quashing the subpoena as unduly burdensome (*see* Fed R. Civ. P. 45(d)(3)(iv)), however, Life Technologies "'cannot merely assert that compliance with the subpoena would be burdensome without setting forth the manner and extent of the burden and the probable negative consequences of insisting on compliance.'" *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co.*, 262 F.R.D. 293, 299 (S.D.N.Y. 2009) (quoting *Kirschner v. Klemons*, 2005 WL 1214330, at *2 (S.D.N.Y. May 20, 2005)). *Id.* Life Technologies was required to submit *evidence*—such as an affidavit—detailing the burdens the subpoena imposes. The Court can then "exercise[] its

6

discretion in determining whether undue burden is present." *Id.*; *Abu-Nassar v. Elders Futures, Inc.*, 1991 WL 45062, at *15 (S.D.N.Y. Mar. 28, 1991) ("When a party seeks relevant discovery, the party resisting discovery bears the burden of establishing the factual basis for withholding the requested discovery" with an "evidentiary showing by competent evidence"; the burden cannot be "discharged by mere conclusory or *ipse dixit* assertions"). *See also* 9 J. Moore et al., MOORE'S FEDERAL PRACTICE ¶ 45.51[4] (3d ed. 2009) ("A party objecting to a subpoena on the ground of undue burden generally must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.").

Life Technologies failed to submit any evidence of the burdens compliance imposes, and thus its objection in this regard should be overruled.[3] Nevertheless, based upon Life Technologies' naked assertions, the subpoena is not unduly burdensome. As discussed above, the subpoena seeks information regarding Ambion's sales of kits that could be used in conjunction with Enzo nucleotides that Ambion's customers purchased from PerkinElmer. The information—from which Ambion is the sole source—will enable Enzo to connect Perkin Elmer nucleotide sales with Ambion kit sales to prove the volume of kit sales Enzo lost, and thus Enzo's damages. The information requested, accordingly, is critically relevant and unambiguous, and given that Ambion is its sole source, simply concluding its compilation would be labor intensive is insufficient (*i.e.*, perhaps the information requested is stored either in whole or part electronically, and can be accessed with a search). Life Technologies' objection that compliance would be unduly burdensome or is ambiguous should, thus, be overruled.

---

[3] Taken at face value, the Motion indicates that Life Sciences has not even attempted to locate responsive documents from which it could conclude their compilation would be "time-consuming and labor intensive." (Motion at 3.)

7

D.  **Ambion Has Had Adequate Time To Comply**

Ambion next contends that it did not have reasonable time to comply with the subpoena. The subpoena was initially delivered to Life Technologies' counsel on January 13, 2014, fourteen days before the scheduled deposition (a deposition scheduled for the very last day of the damages discovery period). Although Rule 45 does not clarify what is "reasonable time," courts have found that fourteen days from the date of service is presumptively reasonable. *See In re Rule 45 Subpoena Issued to Cablevision Sys. Corp.*, 2010 WL 2219343, at *5 (E.D.N.Y. Feb. 5, 2010) (collecting cases). And while the subpoena requested documents be delivered five days prior to the deposition, Life Technologies made no adequate attempt to meet and confer, and perhaps attempt a document production on the same day as the deposition. (*See* Notice of Motion at 2.) Moreover, Life Technologies has now had close to two months to determine the location of responsive documents, and the date of production has long passed. Accordingly, the Court has the power, and should, "modify" the subpoena to enable production of responsive documents by a date certain, particularly given the importance of the Ambion sales information to Enzo's case. Fed. R. Civ. P. 45(d).

E.  **Life Technologies' Omnibus Objections Should Be Overruled**

Life Technologies next asserts a litany of additional summary omnibus objections, each of which should be overruled for the following reasons:

1.  Life Technologies contends that information and documents regarding kits Ambion sold to PerkinElmer customers is "appropriately sought" from PerkinElmer (Motion at 3,4); but the information and documents sought involve sales of kit components *by Ambion*, not PerkinElmer, and therefore *Ambion* is the entity with possession of the requested information.

8

2. Life Technologies next asserts the attorney-client privilege and work product (*id.*); its assertion of privilege and work product, however, cannot be in good faith because Life Technologies has not even determined whether responsive documents exist (whether privileged or not), and in any event has failed to describe the nature of withheld documents as required by Rule 45(e)(2) of the Federal Rules of Civil Procedure.

3. Life Technologies asserts that the request for documents and information is "not reasonably calculated to lead to the discovery of admissible evidence" (Motion at 3); but, as demonstrated above, the requested information is directly relevant to Enzo's damages. *See First Am. Corp. v. Price Waterhouse LLP*, 154 F.3d 16, 21 (2d Cir. 1998) (a non-party under Rule 45 "is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34").

4. Life Technologies next contends that the subpoena seeks information and documents beyond those relevant to Enzo's damages, in violation of the Court's discovery orders (Motion at 4); it bears repeating, however, that the subpoena is addressed to the very products and period for which damages are sought, and the core facts that are necessary to prove damages, including volume and dollar amount of products sold by Ambion to enable Enzo to identify and determine the quantity of offending products PerkinElmer sold to those same customers, and to calculate and prove the level of damages associated with those sales.

In short, each of Life Technologies' omnibus objections should also be overruled.

9

## CONCLUSION

For all the foregoing reasons, the Motion should be denied and Life Technologies should be ordered to produce documents responsive to the subpoena and appear for the appropriate deposition a time and place set by the Court.

Dated: March 13, 2014

COUSINS CHIPMAN & BROWN, LLP


By:   /s/ Adam D. Cole
        Adam D. Cole

380 Lexington Avenue
17th Floor
New York, New York 10168
cole@ccbllp.com
Tel:   (212) 551-1152
Fax:   (302) 295-0199

*Attorneys for Plaintiffs Enzo Biochem, Inc. and Enzo Life Sciences, Inc.*
