IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
ENZO BIOCHEM, INC. and                          :
ENZO LIFE SCIENCES, INC.,                       :
                                                :
                Plaintiffs,     :   No. 03 civ. 3817(RJS)
                                                :
     v.                                        :
                                                :
PERKINELMER, INC. and                           :
PERKINELMER LIFE SCIENCES, INC.,                :
                                                :
                Defendants,     :
                                                :
and,                                            :
                                                :
YALE UNIVERSITY,                                :
                                                :
              Nominal Defendant   :
---------------------------------------------------------------x

### DECLARATION OF ADAM D. COLE, ESQ. IN OPPOSITION TO MOTION TO QUASH SUBPOENA

I, Adam D. Cole, declare as follows:

1. I am a partner of the law firm of Cousins Chipman & Brown, LLP. I submit this Declaration, pursuant to 28 U.S.C. § 1746 and on behalf of Plaintiffs Enzo Biochem, Inc. and Enzo Life Sciences, Inc. (collectively, "Enzo"), in opposition to the Motion to Quash Third-Party Subpoena filed by Life Technologies Corporation ("Life Technologies") and indirectly its wholly-owned subsidiary, Ambion Inc. ("Ambion"), dated January 21, 2014. I am familiar with the facts set forth below.

2. My firm was asked to appear as co-counsel on behalf of Enzo to handle certain third-party damages discovery in the above-referenced action. On or about January 10, 2014, my firm was asked to and prepared a subpoena for documents and a related deposition to be served

upon Life Technologies seeking documents and information relating to sales of certain kits by its subsidiary, Ambion. My understanding at the time, and presently, is that a component of damages Enzo asserts in this action involves the sales of certain kits by Ambion to certain customers of Defendants PerkinElmer, Inc. and Perkin Elmer Life Sciences, Inc.

3. We determined with principal counsel for Enzo that seeking permission to serve Life Technologies' counsel would be the most efficient manner in which to obtain the documents and information given counsel's general familiarity with this and related actions in connection with another of Life Technologies' subsidiaries, Molecular Probes, Inc. ("MPI"). In particular, I was advised that Kristine E. Johnson, Esq. represented Life Technologies relating to a subpoena served on MPI in this case. Given the limited time period before the end of the damages discovery period, serving Life Technologies as the controlling parent company presented a better and more efficient option than attempting to find the precise location and entity within Life Technologies that may be in possession of responsive documents and information.

4. The subpoena was completed in the afternoon of January 10, 2014. In an attempt to deliver the subpoena more efficiently, I attempted to contact Ms. Johnson.

5. Ultimately, on Monday, January 13, 2014, I spoke to Ms. Johnson by telephone to determine whether she was authorized to accept service of the subpoena to Life Technologies. Ms. Johnson asked to receive a copy of the subpoena by electronic mail to enable her to determine with her client whether she was authorized to accept service. Consistent with Ms. Johnson's request, I delivered a copy of the subpoena by electronic mail on January 13, 2014.

6. Later that day, Ms. Johnson stated that she was authorized to accept the subpoena, but requested that we have a telephone call. During the telephone call on January 13, 2013, Ms. Johnson advised that although she was authorized to accept service of the subpoena, Life

2

Technologies had determined to object and to file a motion to quash. The principal reason given for the motion was that a number of corporate reorganizations and transactions over the years made it burdensome for Life Sciences to identify and compile documents within the time limits provided in the subpoena. To ensure that Ms. Johnson received and retained a copy of the subpoena, I resent a copy by electronic mail on January 14, 2014.

7.  As Ms. Johnson had indicted, on January 21, 2014, Life Technologies moved to quash the subpoena in the United States District Court for the Central District of California. The District Court scheduled the motion for hearing on March 10, 2014. Subsequently, with the parties' stipulation and consent, the Motion was transferred to this Court on or about March 3, 2014 under Rule 45(f) of the Federal Rules of Civil Procedure.

8.  Because the subpoena was delivered to Ms. Johnson by electronic mail, on January 30, 2014, I caused to be mailed to Ms. Johnson a check including the witness fees and mileage. (Ex. "A" hereto.) The check was attached to a supplemental subpoena relating to the deposition for purposes of completing service. The check for the witness fee and mileage was thus mailed more than one month in advance of the scheduled hearing date, and in advance of the anticipated transfer of the motion to this Court.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on March 13, 2014.

/s/ Adam D. Cole
Adam D. Cole