UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ENZO BIOCHEM, INC. and ENZO LIFE SCIENCES, INC. | * * * | No. 03-CV-3817 (RJS) |
| Plaintiffs, | * * | |
| v. | * * | |
| PERKINELMER, INC. and PERKINELMER LIFE SCIENCES, INC. | * * * | |
| Defendants. | * | |

**LIFE TECHNOLOGIES CORPORATION AND AMBION, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO QUASH THIRD-PARTY SUBPOENA**

Pursuant to Federal Rule of Civil Procedure 45, third-party Life Technologies Corporation[1] and Ambion, Inc. ("Ambion"), file this Reply Memorandum in Support of its Motion to Quash Third-Party Subpoena.

---

[1] Life Technologies is now Thermo Fisher Scientific Inc., *see* Dkt. # 144 in Case No. 03-cv-3816.

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................1

ARGUMENT ................................................................................................................................1

I.  ENZO'S THIRD-PARTY SUBPOENA SHOULD BE QUASHED PURSUANT TO RULE 45 BECAUSE IT SEEKS DOCUMENTS BEYOND THE SCOPE OF THE COURT'S ORDER AND IS UNTIMELY, OVERBROAD AND BURDENSOME. ....................................................................................................1

    A.  The Subpoena Seeks Information Pertaining to Liability in Contravention of the Court's Order. ..............................................................................................1

    B.  Enzo's Attempts to Obtain Discovery from Ambion Are Untimely and Improper. ..........................................................................................................4

    C.  Enzo Cannot Gloss Over the Procedural Flaws in the Third-Party Subpoena. ........................................................................................................7

CONCLUSION & REQUEST FOR RELIEF ................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Brown, M.D. v. Hendler*,
  2011 WL 321139, Civil No. 09 CIV 4486 (RLE) (S.D.N.Y., Jan. 31, 2011) ...........................8

*Concord Boat Corp. v. Brunswick Corp.*,
  169 F.R.D. 44 (S.D.N.Y. 1996) ......................................................................................7

*Semtek International, Inc. v. Merkuriy Ltd.*,
  No. 3607, 1996 WL 238538 (N.D.N.Y., May 1, 1996) ...............................................6

*Simon v. FIA Card Services, N.A.*,
  732 F.3d 259 (3rd Cir. 2013) ........................................................................................8

**OTHER AUTHORITIES**

9A Wright & Miller, Fed. Prac. & Proc. § 2454 (3d ed.) ................................................9

Rule 45, Federal Rules of Civil Procedure ................................................1, 5, 6, 7, 8, 9

**INTRODUCTION**

This Motion was necessitated by Enzo Biochem, Inc. and Enzo Life Sciences, Inc. ("Enzo")'s decision to seek third-party discovery from Ambion, a subsidiary of Life Technologies, Inc., with no involvement in this litigation, on the very eve of the discovery cutoff. In response, Enzo has failed to overcome Ambion's showing that the Subpoena is in fact directed toward liability-related information, not damages discovery, and thus is improper under Orders from this Court. Similarly, the Subpoena is in violation of Rule 45 of the Federal Rules of Civil Procedure not only because of its procedural flaws (most notably, Enzo seeks to compel a Delaware corporation located in Texas to appear and produce documents in California) but also because it is overly broad and burdensome in that it seeks poorly defined documents created over a decade ago. Enzo's last-minute attempt to burden a third party in this manner is improper and the Subpoena should be quashed.

**ARGUMENT**

I.  **ENZO'S THIRD-PARTY SUBPOENA SHOULD BE QUASHED PURSUANT TO RULE 45 BECAUSE IT SEEKS DOCUMENTS BEYOND THE SCOPE OF THE COURT'S ORDER AND IS UNTIMELY, OVERBROAD AND BURDENSOME.**

A.  **The Subpoena Seeks Information Pertaining to Liability in Contravention of the Court's Order.**

In its Motion, Ambion demonstrated that the Subpoena in large part seeks liability-related information in violation of the Court's October 28, 2013 Order. Ambion Motion at 4-5. In that Order, the Court indicated that further discovery by PerkinElmer and Enzo is limited to damages and expert discovery. *Id.*, Exh. B. And, by letter to the Court dated November 1, 2013, which the Court endorsed, Enzo expressly recognized that damages discovery and expert discovery were the only remaining areas of discovery to be completed. *Id.*, Exh. C. Recently, the Court

4852-8329-9353.3                                                   1

further reiterated that "[t]he text of the parties' joint submission makes crystal clear that any remaining discovery would be limited to Enzo's damages case and experts . . . .".  Dkt. # 155.

Despite this agreed-upon limitation, Enzo now seeks, for example, "[a]ll documents and communications between You and PerkinElmer concerning the actual or contemplated marketing, purchase, sale, or distribution to PerkinElmer customers of any Ambion product . . . .".  MPI Motion, Exh. A, Request No. 1.  Similarly, Request No. 4 seeks "[a]ll documents and communications reflecting or concerning any agreement between You and Perkin Elmer, whether actual, contemplated, oral or written, pursuant to which PerkinElmer marketed, advertised, promoted, sold or contemplated selling Ambion products to PerkinElmer customers to be used with non-radioactively labeled nucleotide products manufactured or sold by PerkinElmer or Enzo." *Id.*  And, Request No. 5 seeks communications regarding "PerkinElmer's manufacture or sale of non-radioactively labeled nucleotide products . . . and "Ambion's manufacture or sale of products for use with PerkinElmer's non-radioactively labeled nucleotide products . . . ." *Id.*[2]

Accordingly, the very terms of the Requests demonstrate that Enzo is seeking information from Ambion regarding *liability* – *i.e.*, whether products were sold to customers in alleged breach of the "research use" term of the PerkinElmer/Enzo agreement – as opposed to the amount of *damage* attributable to any such sale.  Communications between PerkinElmer and Ambion could not conceivably have any bearing upon the amount of sales; to the contrary, such communications are sought only to further Enzo's liability claims.  Enzo's attempts to seek such information at this juncture are *prima facie* improper.  *See* Dkt. # 155 at 3-4 (similar requests

---

[2] Deposition Topics 1(a), (b) 2 and 3 essentially track the foregoing requests.

seeking "documents and communications" were requests that pertain to PerkinElmer's liability "should have been made in phase one of discovery and are not appropriate in the damages phase.")

Furthermore, because the Subpoena is primarily directed to Ambion's sales to PerkinElmer's customers (not to or from PerkinElmer itself), the requests inherently are premised upon the allegation that PerkinElmer somehow violated the Enzo Distributorship Agreement when PerkinElmer's customers purchased an Ambion product. Not only is such a request directed to liability and thus improper, Enzo cites no claim in the Enzo/PerkinElmer complaint for which such information would be relevant. In this regard, Ambion refers to PerkinElmer's Motion in Limine No. 3 (Dkt. # 178 at 9-11), in which PerkinElmer moved to preclude Enzo from presenting a claim related to sales of Ambion products at trial because it does not appear in the complaint. Based upon on that Motion, Ambion understands that the only claim in the complaint relates to "PerkinElmer's alleged failure to make payments on products that PerkinElmer sold" and that the complaint does not mention products sold by other companies, such as Ambion. *Id*., at 10; *see also* Dkt. # 209 at 5.

Despite its efforts, Enzo has not and cannot overcome the foregoing. Enzo claims that it "needs" the subpoenaed information from Ambion for a claim related to "PerkinElmer's [alleged] failure of good faith and fair dealing in encouraging customers to purchase Ambion kit components for use with Enzo nucleotides, rather than selling Enzo kits containing the nucleotides—i.e., T-7 kits" and also for an apparently separate claim related to a purported failure by PerkinElmer "to use its best efforts to sell [Enzo's T-7 kit] under the parties' Distributorship Agreement." Enzo Opp. at 1. Enzo does not cite the complaint in describing

either of these "good faith" or "best efforts" allegations, and, as described, neither allegation appears to have been stated in the complaint.  *See* Dkt. 217-3.[3]  Indeed, neither Ambion, its products, nor the Enzo T-7 kit are mentioned in the complaint, *see id.*, and prior to service of this Subpoena in January 2014, Ambion was not aware of any allegation by Enzo that PerkinElmer violated its agreement with Enzo when customers bought a product from Ambion (and, indeed, was not made aware of the substance of the allegation until Enzo filed its opposition on March 13).  Enzo should not be permitted to expand its liability case and pursue unpled claims on the back of Ambion, which is a non-party to this case.

> **B.  Enzo's Attempts to Obtain Discovery from Ambion Are Untimely and Improper.**

Enzo's Subpoena is also improper because it is untimely and overly broad, seeking "all documents" pertaining to very broad topics, and that it imposes undue burden upon Ambion in that it seeks documents that were created nine to fifteen years ago by an entity that has since been through several corporate transitions.  Although damages discovery in this case began on October 28, 2013, Enzo waited to issue the Subpoena to Ambion, a third party with no connection whatsoever to this lawsuit, until *seventeen days before damages discovery was to be completed*.  Enzo Opp. at 2.  Accordingly, the Subpoena purports to require Ambion, who had no notice or expectation whatsoever of the Subpoena, to produce documents just twelve days later, and to appear for a deposition five days after that.  *Id.*

Enzo attempts to gloss over this deficiency by arguing that Ambion has now had ample time to search for and produce responsive documents.  *Id*. at 8.  In so doing, Enzo ignores the

---

[3]  Ambion notes that Enzo's "best efforts" claim does not even appear in its opposition to PerkinElmer's Motion in Limine No. 3, which refers solely to "good faith and fair dealing."  *See* Dkt. # 203 at 9.

fact that Ambion timely served and filed its Objections, and moved to quash.  Those Objections demonstrate that the Subpoena in its entirety is improper pursuant to Rule 45.  Accordingly, Ambion is not and has never been under any obligation to undergo the efforts that Enzo suggests.

Enzo similarly fails to adequately counter Ambion's showing that the Subpoena is in violation of Fed.R.Civ.P. 45(d)(1) because it is overly broad.  In particular, Enzo purports to seek "all documents," "all documents and communications" or "all communications" regarding very broad topics, such as the distribution to PerkinElmer or PerkinElmer's customers of "any Ambion product."  Enzo has made no attempt whatsoever to limit the scope of the Subpoena, but instead purports to impose upon a third party the task of locating an unspecified number of documents.  These deficiencies are all the more troubling in light of the fact that the term "product" is not even properly defined such that Ambion can determine what information is sought.  Request No. 1 seeks documents and communications concerning "*any Ambion product*, including *without limitation* the Ambion MEGAscript kit . . . ."  The only limitation on the "Ambion product" is that it "incorporates, uses or is sold with any non-radioactively labeled nucleotide products manufactured by PerkinElmer or Enzo. . . ."  And, Request Nos. 2 and 3 seek more than six additional categories information regarding sales of those products.  Ambion cannot determine with specificity which of these decade-old products are covered by Enzo's request, let alone search for all invoices, purchase orders, sales orders, shipping documents, and receipts for such unnamed products.

Finally, the Subpoena seeks documents from January 1, 1999 to August 28, 2005.  Ambion was acquired by Applied Biosystems, Inc. (at the time a wholly owned subsidiary of Applera), in 2006.  In 2008, Applera merged out of existence and its successor, Applied

Biosystems, LLC, became a wholly owned subsidiary of Life Technologies. Currently, Life Technologies is an indirect wholly-owned subsidiary of Thermo Fisher Scientific Inc. Thus, the documents and testimony sought by Enzo were generated prior to several corporate transitions and are nine to fifteen years old, thus meaning that they are likely to be largely paper rather than electronic. The burden imposed upon Ambion by an effort to locate these documents (in Texas, if they exist) would far outweigh any potential relevance of such documents, particularly in light of the Enzo's questionable attempt to "tie" such documents to a damages claim. Indeed, in *Semtek International, Inc. v. Merkuriy Ltd.*, No. 3607, 1996 WL 238538 (N.D.N.Y., May 1, 1996), a court denied a motion to enforce a subpoena on a similarly situated non-party (Lockheed Martin), holding:

> Lockheed is a non-party. While this status does not relieve Lockheed of its obligations either to respond to proper discovery requests or to comply with the applicable rules, it does entitle Lockheed to consideration regarding expense and inconvenience. . . . [t]he subpoena here requires production of thousands of pages of documents. Those documents are located at Lockheed operations in Maryland and California. ***The subpoena was served on a Lockheed operation in this district which had no involvement of any kind in the matters sought to be disclosed by the subpoena. The subpoena also required production in this district and within two weeks.*** Lockheed is not an unsophisticated litigant and its failure to pose timely objection to the subpoena cannot be justified. However, ***its status as a non-party, the significant burden imposed by the subpoena, and the absence of any showing of intentional failure or bad faith by Lockheed*** may be considered as factors in determining whether its untimely action under Rule 45(c)(2)(B) waived its objections.[4]

*Id*. at *2 (emphasis added).

---

[4] Here, of course, Ambion timely served its objections and moved to quash ***before*** the court where compliance was required, as provided in Rule 45. The *Semtek* court, however, found the subpoena unenforceable ***despite*** untimeliness on the part of the subpoenaed party.

Enzo's response fails to address the improper scope of the Subpoena or its failure to describe the subject matter with reasonable particularity. Instead, Enzo argues only that Ambion was required to submit "evidentiary support" demonstrating undue burden. Enzo Opp. at 6-7. However, the only authority cited by Enzo pertains to *party* discovery, not third-party subpoenas, and is inapposite here. *See, e.g., Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 53 (S.D.N.Y. 1996) (quashing third party subpoena and declining to consider cases cited involving "motions to quash made by a subpoena recipient who is a party to, or who will necessarily be affected by the final judgment entered in, the underlying litigation.").

Enzo argues Ambion would not be overly burdened because it is the "sole source" of the information sought. Enzo Opp. at 7. However, Enzo's purported "need" for this information (which, as set forth above, is not relevant to damages and thus is not even properly sought at this point) does nothing to ameliorate the facts that: (1) the documents sought are close to two decades old in some instances, and (2) as a non-party, Ambion has had no reason whatsoever to anticipate being called upon to search for and produce this information within seventeen days of receipt of the Subpoena. If, in fact, these documents were as critical as Enzo now asserts then it Enzo should not have waited until the last possible moment before serving the Subpoena. In short, Enzo has failed to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," as required by Fed.R.Civ.P. 45(c)(1), and the Subpoena should be quashed for that reason.

C. **Enzo Cannot Gloss Over the Procedural Flaws in the Third-Party Subpoena.**

Enzo seeks discovery from Ambion pursuant to Rule 45, and thus was required to issue a third-party subpoena that complied with the Rule's procedural requirements, including the

location of production.  *Simon v. FIA Card Services, N.A.*, 732 F.3d 259, 279 (3rd Cir. 2013) ("To be valid, a subpoena must comply with Civil Rule 45's requirements.").

Here, however, the Subpoena violates the 100 mile requirement of Fed.R.Civ.P. 45(c)(1)(A) and (B) and 45(c)(2)(A) because it purports to require a Delaware corporation with a principal place of business in Austin, Texas, to produce documents and appear at a deposition in Irvine, California.  Enzo's only response to this fatal defect is the fact that Life Technologies (now Thermo Fisher Scientific Inc.) has a place of business in Carlsbad, California.  However, Enzo has not and cannot show that Life Technologies has "possession, custody or control" of the documents possessed by Ambion, because it has not countered Ambion's showing that those documents, which were created long before Life Technologies even came into existence, let alone before it had any relationship with Ambion (*see* Ambion Memo. at 2-3), are located in Austin.

Nor has Enzo adequately responded to Ambion's showing that, by serving Life Technologies, Enzo served the wrong entity.  Enzo argues only that because of the "limited time" for discovery (due to Enzo's own delays), it was easier to serve Life Technologies rather than "find the precise entity within Life Technologies that may be in possession of responsive documents and information."  Enzo Opp. at 2.  Enzo has cited no authority in support of the proposition that the requirements of Rule 45 may be disregarded for the convenience of the issuing party.[5]

---

[5] Nor has Enzo cured its failure to tender fees and mileage as required by Fed.R.Civ.P. 45(b).  It is undisputed that Enzo failed to do so when the Subpoena was issued on January 10, rendering it unenforceable.  *See Brown, M.D. v. Hendler*, 2011 WL 321139, Civil No. 09 CIV 4486 (RLE) (S.D.N.Y., Jan. 31, 2011) (plaintiff's "failure to tender travel and witness fees" provided a basis

## CONCLUSION & REQUEST FOR RELIEF

For the foregoing reasons, Enzo's Subpoena is both in violation of the Court's October 28 Order, Enzo's own representations regarding the scope of remaining discovery, and Rule 45 and must be quashed in its entirety.

---

for quashing subpoena); 9A Wright & Miller, Fed. Prac. & Proc. § 2454 (3d ed.) ("[s]ervice of the subpoena must be accompanied by tendering to the witness the fees for one day's attendance and the mileage allowed by law, unless the subpoena is issued on behalf of the United States or an agency or office thereof, in which case fees and mileage need not be tendered.  Failure to tender the appropriate sums at the time the subpoena is served invalidates the subpoena."). Enzo's decision to subsequently remit fees merely underscores the fact that Enzo delayed far too long, and ultimately issued an improper and defective Subpoena.

Dated:  March 17, 2014.

        Respectfully submitted,

        */s/ Kristine E. Johnson*
        FRANCIS M. WIKSTROM (admitted *pro hac vice* in Civil No. 03-CV-3816(RJS))
        Utah State Bar No. 3462
        KRISTINE E. JOHNSON (admitted *pro hac vice*) in Civil No. 03-CV-3816(RJS))
        Utah State Bar No. 7190
        PARSONS BEHLE & LATIMER
        201 South Main Street, Suite 1800
        Salt Lake City, UT 84111
        Ph.  (801) 532-1234
        fwikstrom@parsonsbehle.com
        kjohnson@parsonsbehle.com

        KATHERINE NOLAN-STEVAUX (admitted *pro hac vice* in Civil No. 03-CV-3816(RJS))
        Cal. State Bar No. 244950
        THERMO FISHER SCIENTIFIC INC.
        1149 Chess Drive
        Foster City, CA
        Ph.  (650) 554-3584
        katherine.nolan-stevaux@thermofisher.com

        *Attorneys for Third-Party Ambion, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who have appeared and are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Civil Rule 5.2 on March 17, 2014.

*/s/ Kristine E. Johnson*