

jeberhard@gairlawgroup.com
312.600.4904 direct

April 29, 2014

Honorable Richard J. Sullivan
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, NY 10007
       *SullivanNYSDChambers@nysd.uscourts.gov*

      Re:    Enzo Biochem, Inc. v. Molecular Probes, Inc. – 03 Civ. 3816 (RJS)
                Enzo Biochem, Inc. v. PerkinElmer, Inc. – 03 Civ. 3817 (RJS)
                Affymetrix, Inc. v. Enzo Biochem, Inc. – 03 Civ. 8907 (RJS)
                Enzo Life Sciences v. Affymetrix, Inc. – 04 Civ. 1555 (RJS)
                Roche Diagnostics GmbH, v. Enzo Biochem, Inc. – 04 Civ. 4046 (RJS)

Dear Judge Sullivan:

As you know, my client, Enzo Biochem, has been at issue with its counsel, Greenberg Traurig, as a result of Greenberg's request to withdraw from representation. Up to now, we have believed that Greenberg Traurig was capable of continuing to represent Enzo's interests, at least in the short term.

Settlement negotiations between Enzo and PerkinElmer
              and we believe that the parties
Specifically, the parties had scheduled a settlement conference for this afternoon. In that context, Steptoe & Johnson, counsel for Greenberg, sent the attached letter to PerkinElmer asserting a charging lien against any payment made to Enzo as part of settlement negotiations, and threatened action against PerkinElmer in connection with that lien. This letter

In addition to being unprofessional and improper, Greenberg's actions were completely unnecessary. The Court should know that we have recently reached settled the related Affymetrix matters. In connection with that settlement,

This conduct is unprofessional in the extreme and demonstrates that contrary to our hopes,

Enzo respectfully withdraws its objection to Greenberg's motion to withdraw and therefore deems Greenberg's representation terminated. Further, Enzo asks that the court direct Greenberg to cease any further contact with PerkinElmer in this regard.

Sincerely,

*/s/ Jeffrey S. Eberhard*

Jeffrey S. Eberhard

Copy:   Michael C. Miller, Esq. (counsel for Greenberg Traurig, LLP)

Michael C. Miller
212 506 3955
mmiller@steptoe.com

**Steptoe**
STEPTOE & JOHNSON LLP

1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

April 29, 2014

**Via email and Federal Express**
Robert J. Gunther, Jr., Esq.
WilmerHale LLP
250 Greenwich Street
New York, NY 10007
robert.gunther@wilmerhale.com

William G. McElwain, Esq.
WilmerHale LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
william.mcelwain@wilmerhale.com

      re: *Enzo v. PerkinElmer*, No. 03 Civ. 3817 (RJS)

Dear Mr. Gunther and Mr. McElwain:

      We write as counsel for Greenberg Traurig, LLP ("GT") concerning any payment, or other consideration, that may be made by or on behalf of your clients PerkinElmer, Inc. and/or PerkinElmer Life Sciences, Inc. (collectively "PerkinElmer") to or for the benefit of Enzo Life Sciences, Inc. and/or Enzo Biochem, Inc. (collectively "Enzo") as part of any settlement or satisfaction of any judgment in connection with the above referenced case ("Payment").

      As we believe you know, GT is owed attorney's fees and expenses in connection with its representation of Enzo in this and related cases. As a result, GT has a charging lien on the Payment as provided under New York Judiciary Law § 475. While GT is entitled to collect from the Payment all of the money owed in accordance with the representation agreement between GT and Enzo, and while GT reserves all of its rights under that agreement, GT's request at this time is limited to fifteen percent (15%) of the Payment. Accordingly, GT requests that PerkinElmer pay GT fifteen percent (15%) of the Payment <u>before</u> any part of the Payment is made to Enzo.

      Any disbursement of the Payment contrary to this request is a violation of Section 475. Moreover, any disbursement of the Payment other than as requested by this letter may render PerkinElmer directly responsible to GT under well-settled case law. *Chesley v. Union Carbide Corp.*, 927 F.2d 60, 67 (2d Cir. 1991); *Caribbean Trading and Fid. Corp. v. Nigerian Nat'l Petro. Co.*, 1993 W.L. 541236 (S.D.N.Y., Dec. 28, 1993); *Fischer-Hansen v. Brooklyn Heights*

Mr. Gunther and Mr. McElwain  
April 29, 2014  
Page 2



R.R. Co., 173 N.Y. 492, 503 (1903); *Schneider, Kleinick v. City of New York*, 302 A.D.2d 183, 226 (1st Dept. 2002); *Schlmeyer v. Universal Oven Co., Inc.*, 118 A.D.2d 692, 694 (2nd Dept. 1986). As the Second Circuit explained, "where a defendant settles with a plaintiff without making provisions for the fees of the plaintiff's attorney, that attorney can in a proper case proceed directly against the defendant pursuant to section 475." *Chesley*, 927 F.2d at 67 (citing *Fischer-Hansen*); *Caribbean Trading* 1993 W.L. 541236, at *4; *Schneider, Kleinick*; 302 A.D.2d at 226 ("a defendant who has knowledge of the plaintiff's attorney's lien is under an affirmative duty to protect the lien, and if he fails to do so, he is liable for the reasonable value of the attorney's services to his client").

Should PerkinElmer fail to honor GT's request to disburse the Payment as requested herein, GT reserves all of its rights, including the right to proceed directly against PerkinElmer.

Please acknowledge by return email receipt of this letter on behalf of your clients, so that we may avoid sending this letter directly to them.

Sincerely yours,

Michael C. Miller  
Counsel for Greenberg Traurig

cc (via email only):   Jeffrey Eberhard, Esq. (counsel for Enzo)