Michael C. Miller
212 506 3955
mmiller@steptoe.com



1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

April 30, 2014

Honorable Richard J. Sullivan
United States District Court
Southern District of New York
40 Foley Square, Room 2104
New York, NY 10007
sullivannysdchambers@nysd.uscourts.gov

   Re: *Enzo Biochem, Inc. v. Molecular Probes, Inc.*, No. 03 Civ. 3816 (RJS)
     *Enzo Biochem, Inc. v. PerkinElmer, Inc.*, No. 03 Civ. 3817 (RJS)
     <u>*Roche Diagnostics GmbH v. Enzo Biochem, Inc.*, No. 04 Civ. 4046 (RJS)</u>

Dear Judge Sullivan:

  Please accept the following in response to the April 29, 2014 letter submitted by Enzo (the "April 29 letter").

  First, Greenberg Traurig ("GT") did nothing "unprofessional and improper" by giving formal notice to the parties in the above-referenced matters that GT has statutory rights to a charging lien under New York State Judiciary Law § 475. GT did nothing more than remind the parties of the charging lien, and the parties' responsibilities under that section. *Chesley v. Union Carbide Corp.*, 927 F.2d 60, 67 (2d Cir. 1991); *Schneider, Kleinick v. City of New York*, 302 A.D.2d 183, 185 and 189 (1st Dept. 2002).

  Second, GT acted prudently in serving these notices.

        GT does not know the status or the substance of these discussions, if any. this is the first confirmation that Enzo has provided of its intentions. Moreover, Enzo is completely silent as to whether Enzo will also honor its contractual obligations and pay GT
  GT acted appropriately in providing each of these parties with notice of GT's rights, and the defendants' obligations, under Judiciary Law § 475. *Kaplan v. Reuss*, 113 A.D.2d 184, 186 (2nd Dept. 1985), *aff'd*, 68 NY2d 693 (1986) (cautioning that "if the attorney knowingly allows the proceeds to pass into the hands of the client or another party without asserting his or her rights, ... the lien will be deemed waived").

Doc. # DC-8356538 v.1

Honorable Richard J. Sullivan
April 30, 2014
Page 2



    Finally, GT respectfully requests that the Court grant GT's Motion to Withdraw from all of the Enzo matters. This is particularly warranted given Enzo's failure to mention the *Roche* and *Molecular Probes* cases in its April 29 letter, and the fact that GT also served charging liens on these parties to protect GT's rights in light of Enzo's refusal to comply with the terms of the engagement letter.

                                               Respectfully submitted,

                                               Michael C. Miller, Esq.
                                               *Counsel for Greenberg Traurig, LLP*

Cc:    Jeffrey Eberhard, Esq. (counsel for Enzo)