# FRIEDMAN KAPLAN SEILER & ADELMAN LLP

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
SCOTT M. BERMAN
ERIC CORNGOLD
HAL NEIER
PHILIPPE ADLER
LANCE J. GOTKO
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
DAVID I. TANENBAUM
HALLIE B. LEVIN
ANNE E. BEAUMONT
MARY E. MULLIGAN
EMILY A. STUBBS
KENT K. ANKER
AMY C. BROWN
RICARDO SOLANO JR.
JOHN N. ORSINI
JEFFREY R. WANG
JEFFREY C. FOURMAUX
JASON C. RUBINSTEIN
MICHAEL A. GORDON

7 TIMES SQUARE
NEW YORK, NY 10036-6516

TELEPHONE (212) 833-1100
FACSIMILE (212) 833-1250
WWW.FKLAW.COM

RICHARD M. HOFFMAN
SENIOR COUNSEL

NORMAN ALPERT
ASAF REINDEL
L. REID SKIBELL
COUNSEL

ROBERT S. LANDY
STEVEN E. FRANKEL
DANIEL R. GREENBERG
TIMOTHY M. HAGGERTY
CHRISTOPHER M. COLORADO
CHRISTOPHER L. McCALL
YITZCHAK E. SOLOVEICHIK
PEARLINE M. HONG
ERIC J. FINKELSTEIN
JENNIFER A. MUSTES
EMILY L. CHANG
ANDREW M. ENGLANDER
CHARLES E. ENLOE
ALEXANDER D. LEVI
ELIZABETH L. MACCHIAVERNA
SARAH F. FOLEY
JAMUNA D. KELLEY
RAINA L. NORTICK
MICHAEL S. PALMIERI
ELLIOT CHOI
TANVIR VAHORA
NORA BOJAR
KEVIN J. LIN
ANDREW C. KOSTIC

**SUBMITTED UNDER SEAL FOR *IN CAMERA* REVIEW**

June 3, 2014

Hon. Richard Sullivan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

> *Enzo Biochem, Inc. v. PerkinElmer, Inc.*, No. 03cv3817
> *Enzo Biochem, Inc. v. Molecular Probes, Inc.*, No. 03cv3816
> *Roche Diagnostics Gmbh v. Enzo Biochem, Inc.*, No. 04cv4046

Dear Judge Sullivan:

      We represent Enzo Biochem, Inc. and its affiliates ("Enzo") in regard to their disputes with their former counsel in these matters Greenberg Traurig, LLP ("GT"). We write briefly for the sole purpose of addressing the request, made *for the first time* in today's letter from GT's counsel to this Court, that Your Honor order Enzo (or PerkinElmer, Inc. ("PE")) to pay                 otherwise accruing to Enzo from a settlement that Enzo and PE are prepared to execute, and put the remaining settlement funds into escrow – on the stated basis that this contingent fee is called for by the GT-Enzo engagement agreement. (The amount of the Enzo-PE settlement exceeds the maximum value of GT's claim against Enzo.)

      New York law is clear that the value of a charging lien is to be set at the fair and reasonable value of the attorneys' services rendered, computed on the basis of *quantum meruit*. This Court should not summarily decide the fair value of the charging lien – without discovery, briefing, and a hearing. The GT-Enzo engagement agreement is but one of the factors this Court would take into account in a *quantum meruit* analysis. It does not matter whether that agreement speaks of an hourly rate, a contingent fee, or both. *See Universal Acupuncture Pain Servs., P.C. v. Quadrino & Schwartz, P.C.*, 370 F.3d 259, 263 (2d Cir. 2004) ("Recovery on a *quantum meruit* basis is called for even where the attorney discharged without fault was employed under a contingency fee contract" (citing *Smith v. Boscov's Dep't Store*, 192 A.D.2d 949, 950-51 (3d Dep't 1993))); *Liddle & Robinson, LLP v. Garrett*, 720 F. Supp. 2d 417, 425 (S.D.N.Y. 2010) (a former attorney who "seeks unpaid legal fees pursuant to a blended contingency and hourly fee

2953068.2

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

Hon. Richard Sullivan                    2                         June 3, 2014

agreement . . .is limited to seeking relief in *quantum meruit*"); *Pilitz v. Inc. Vill. of Freeport*, 2011 WL 5825138, at *7 (E.D.N.Y. 2011) (same); *Blunt v. N. Oneida Cnty. Landfill*, 145 A.D.2d 913, 914 (4th Dep't 1988) (holding that the trial court erred in "summarily fixing the compensation" of a withdrawn attorney "solely on the basis of a contingency fee agreement" because the "amount of the compensation must be fixed on a *quantum meruit* basis and the cancelled contract is but one element to be taken into consideration").

Simply put, the existence of a contingent fee arrangement in the GT-Enzo engagement agreement is not dispositive and does not automatically entitle GT to an award from Your Honor at this time.

Respectfully,

Scott M. Berman

2953068.2