UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ENZO BIOCHEM, INC., *et al.*,

                                 Plaintiffs,

-v-

PERKINELMER, INC., *et al.*,

                                   Defendants.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-17-14
```

No. 03-cv-3817 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    In its Order dated May 28, 2014, the Court set this case for trial on June 30, 2014. (Doc. No. 267.) In the same Order, the Court directed the parties to "jointly submit an update, no later than June 11, 2014 and not to exceed five pages single-spaced, indicating whether the parties have resolved any of their disputes contained in the following documents and submissions: (1) the voir dire, jury charge, verdict form, and pre-trial order (including the objections to the exhibits listed in the pre-trial order); (2) the five separate motions in limine; (3) the four separate *Daubert* motions to preclude expert testimony; (4) the contemplated motion to quash a third-party subpoena; and (5) the outstanding motions to strike supplemental expert reports filed on March 2, 2014." (*Id.*) Purportedly consistent with the Court's Order, the Court is in receipt of a joint letter, dated June 11, 2014, from counsel of record in the above-referenced matter. (Doc. No. 273.)

    The letter indicates that the parties have yet to reach final settlement, and because they have been engrossed in settlement negotiations, "the parties have not attempted to resolve any of the disputes that are pending before the Court." (*Id.*) The parties further inform the Court:

> Under the settlement agreement, the defendants are obligated to make a payment by July 2, 2014, after which suitable stipulations of dismissal will be promptly filed. Upon final execution of the settlement agreement, the parties will immediately notify the Court so the case can be taken off the Court's trial calendar.

(*Id.*) The parties have two options. First, enter a settlement, in which case the matter will be dismissed with prejudice. Second, don't enter a settlement, in which case the matter will proceed to trial on June 30, 2014. There is no middle ground whereby the parties stop preparing for trial and hope that the contemplated payment is made on July 2, 2014 – *after* the trial date – but nevertheless reserve the right to have trial at some later date if the settlement does not proceed as planned. It is not lost on the Court that the parties have likely been diligent and are earnestly pursuing a resolution to this matter, while simultaneously seeking the approval of Enzo's former counsel. The Court is sympathetic to this predicament, but the Court will not permit the parties to commandeer the Court's calendar and effectively grant themselves an adjournment of the trial date. Should this case proceed to trial, IT IS HEREBY ORDERED THAT the parties make a good-faith effort to resolve the myriad disputes referenced above and in the Court's May 28, 2014 Order. IT IS FURTHER ORDERED THAT the parties are directed to notify the Court of any progress on this front no later than Thursday, June 19, 2014. IT IS FURTHER ORDERED THAT the pretrial conference is ADJOURNED to Monday, June 23, 2014 at 1:00 p.m.

SO ORDERED.

DATED:   June 16, 2014
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE