USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  June 23, 2014

UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------

| | | |
|---|---|---|
| Thomas E. Perez, Secretary of Labor, United States Department of Labor, | : | Civil Action File |
| | : | No.   14-CV-04369-KPF |
| Plaintiff, | | |
| v. | : | CONSENT JUDGMENT |
| Midtown East Wings, Inc., and Terry Mohamed, Individually and as Officer, | : | |
| | : | |
| Defendants. | | |

-------------------------------------------------------------------------

Plaintiff, the Secretary of Labor, has filed her Complaint and defendants Midtown East Wings, Inc., and Terry Mohamed appeared by counsel, waive their answer, and agree to the entry of this judgment without contest. By executing this Consent Judgment, defendants waive formal service of process of the summons and complaint in this matter.

Defendants acknowledge their responsibilities pursuant to this agreement, and acknowledge that they will be subject to sanctions in contempt of this court if they fail to comply with the provisions of this Judgment. It is, therefore, upon motion of the attorneys for plaintiff and for cause shown ORDERED that:

I. Defendants, their officers, employees, agents, and all persons acting or claiming to act in the defendants' behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. Section 201 et seq.), (the Act), in any of the following manners:

(1) Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within

the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Section 6 of the Act.

(2)      Defendants shall pay employees at time and one-half their regular hourly rates for all hours worked over 40 per week, and shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employee receives compensation in compliance with the Act.

(3) Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by him as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 CFR Part 516.

(4) Defendants shall not discharge or take any retaliatory action against any employee because the employee engages in any of the following activities:

a.      Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

b.      Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act or a rule or regulation promulgated pursuant to the Act, by the employer or another employer with whom there is a business relationship.

2

      c.     Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act.

      II. Defendants are enjoined and restrained from withholding the payment of a total of **$50,509.12** in minimum wage and overtime compensation from certain employees listed on Exhibit A ("the back wages"). Defendants shall also pay an additional sum of **$25,254.56** in liquidated damages. The back wages and liquidated damages will be apportioned among the employees as set forth on Exhibit A. The Defendants will pay the back wages and liquidated damages as set forth in Exhibit B. The defendants will pay these amounts as follows:

     (1) The defendants will pay the back wages in a cashier or certified check made payable to **"Wage and Hour Division – Labor" with the words "Back wages, Case No. 1643814" written on the face of the check.**

     (2) The defendants will pay the liquidated damages in a cashier or certified check made payable to **"Wage and Hour Division – Labor" with the words "Liquidated Damages, Case No. 1643814" written in the memo field of the check.**

The defendants will send both checks to:

> **U.S. Department of Labor/Wage & Hour Division**
> **The Curtis Center, Suite 850, West**
> **170 S. Independence Mall West**
> **Philadelphia, PA, 19106-3317**

III. A copy of each check shall be sent by the defendants to:

> **U.S. Department of Labor, Wage & Hour Division**
> **26 Federal Plaza, Room 3700**
> **New York, NY 10278**
> **Attn: Debbie O. Lau, Assistant District Director**

IV. Neither defendants nor anyone acting on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid as back wages under this judgment.

V. The plaintiff shall deliver the proceeds of the back wage payment received under this Judgment less any legal deductions to the employees named on Exhibit A. Any sums not distributed to the employees or to their personal representatives, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Clerk of this Court who shall forthwith deposit such money with the Treasurer of the United States pursuant to U.S.C. 2041 and 2042.

VI. Defendants shall provide to plaintiff the social security numbers and last known addresses of the defendants' employees and former employees to be paid under this judgment.

A copy of this shall be sent to Assistant District Director Debbie Lau as set forth in paragraph III above.

VII. If the defendants fail to make the payments as set forth above, upon notice to the defendants; the Court shall appoint a Receiver to effectuate all of this Consent Judgment. In the event a Receiver is appointed:

1. Defendants shall cooperate with the Receiver in all respects, and shall provide to the Receiver any and all information which the Receiver may require to carry out its appointment and in accordance with the authority given to the Receiver pursuant to applicable law at the time of appointment.

2. All the expenses of the accountant or Receiver shall be borne solely by defendants.

3. The Receiver shall serve until the monetary terms of this Judgment are satisfied.

4

4.      The Receiver shall have full authority to: collect the Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of the defendants' assets; to prevent waste or fraud and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Judgment.

VIII. Defendants shall place FLSA posters in English and in any other language spoken by the employees. These posters will be provided by the Wage and Hour Division as available. Defendants shall display the posters where employees may view them.

IX. Defendants shall orally inform all their employees in English and in any other language spoken by the employees of their rights under the Fair Labor Standards Act, and the terms of this Judgment, including the payment of minimum wages and overtime and the rights of employees to engage in activity protected by the Act without fear of retaliation. The defendants shall so inform their employee on a workday falling within thirty days of the entry of this Judgment.

X. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of defendant not listed in Exhibit A of this Judgment, be they current or former employees, to file any action against defendant under section 16(b) of the Act or likewise for any current or former employee listed on Exhibit A of this Judgment to file any action against defendant under section 16(b) of the Act for any violations alleged to have occurred after June 24, 2012

5

XI. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

*Katherine Polk Failla*

UNITED STATES DISTRICT JUDGE
Honorable Katherine Polk Failla

DATED: June 23, 2014
New York, New York

Defendants have appeared by counsel and
Consent to the entry of this Judgment.

Midtown East Wings, Inc.

BY:

Terry Mohamed, as Officer

Terry Mohamed, Individually

Attorney for Defendant
Sima, Ali, Esq.
Ali Law Group PC
775 Park Avenue, Suite 255
Huntington, New York 11743
Tel: 631-423-3440
Fax: 631-742-3896

6

RESOLVED, that defendant corporation **Midtown East Wings, Inc., d/b/a Atomic Wings** hereby ratifies and confirms the offer made to THOMAS E. PEREZ, Secretary of Labor, with respect to the violations of the Fair Labor Standards Act of 1938, as amended, alleged in the Complaint and that the said proprietorship consents to the entry of a judgment against it, said judgment to be entered in an action which has been filed by THOMAS E. PEREZ, Secretary of Labor, against the corporation and the officers of the corporation be, and they hereby are, authorized to do and perform all acts and things necessary to effectuate the provisions of said judgment and any or all stipulations, amendments and changes therein.

The undersigned, **Terry Mohamed**, sole proprietor and officer of **Midtown East Wings Inc., d/b/a Atomic Wings,** hereby certifies that the foregoing is a true copy of a resolution adopted by the proprietorship, as evidenced by the signature of the officer of the Corporation who is duly authorized to bind the Corporation to the terms of this injunction against it. The undersigned further certifies that **Terry Mohamed** whose signature appears below is the owner of said proprietorship and that the undersigned has duly been authorized by said resolution to execute the aforementioned consent to the entry of said judgment on behalf of the corporation.

_____
**Proprietor/Authorized Officer**

7

| **Exhibit A** |
| :---: |
| Midtown East Wings, Inc |
| d/b/a Atomic Wings |
| 1140 Second Avenue |
| New York, NY 10065 |
| Case ID: 1643814 |

| First Name | Last Name | Back Wages | Liquidated Damages | Interest Due | Total Due |
|---|---|---|---|---|---|
| Jorge | Aguilar | $ 2,313.23 | $ 1,156.62 | $ 29.34 | $ 3,499.19 |
| Brissa | Aguilar Bonola | $ 116.25 | $ 58.13 | $ 0.78 | $ 175.16 |
| Marlene | Amigon | $ 686.39 | $ 343.20 | $ 2.86 | $ 1,032.45 |
| Tranquilino | Candia | $ 723.28 | $ 361.64 | $ 2.41 | $ 1,087.33 |
| Adolf | Doe | $ 2,330.19 | $ 1,165.10 | $ 12.77 | $ 3,508.06 |
| Adrian | Doe | $ 562.87 | $ 281.44 | $ 3.28 | $ 847.59 |
| Alex 1 | Doe | $ 1,525.00 | $ 762.50 | $ 8.90 | $ 2,296.40 |
| Alex 2 | Doe | $ 35.04 | $ 17.52 | $ 0.20 | $ 52.76 |
| Alvaro | Doe | $ 193.50 | $ 96.75 | $ 1.13 | $ 291.38 |
| Angle | Doe | $ 1,053.41 | $ 526.71 | $ 6.56 | $ 1,586.68 |
| Arnulfo | Doe | $ 3,027.53 | $ 1,513.77 | $ 20.18 | $ 4,561.48 |
| Aurelio | Doe | $ 37.00 | $ 18.50 | $ 0.15 | $ 55.65 |
| Carlos | Doe | $ 2,264.77 | $ 1,132.39 | $ 16.52 | $ 3,413.68 |
| Clemente | Doe | $ 376.30 | $ 188.15 | $ 2.82 | $ 567.27 |
| Delfino | Doe | $ 3,907.89 | $ 1,953.95 | $ 31.54 | $ 5,893.38 |
| Elico | Doe | $ 113.74 | $ 56.87 | $ 0.99 | $ 171.60 |
| Evan | Doe | $ 528.50 | $ 264.25 | $ 5.72 | $ 798.47 |
| Frankino | Doe | $ 345.08 | $ 172.54 | $ 3.74 | $ 521.36 |
| Herme | Doe | $ 2,579.21 | $ 1,289.61 | $ 28.15 | $ 3,896.97 |
| Hugo | Doe | $ 962.71 | $ 481.36 | $ 11.23 | $ 1,455.30 |
| Jerardo | Doe | $ 2,556.21 | $ 1,278.11 | $ 29.82 | $ 3,864.14 |
| Julio | Doe | $ 955.61 | $ 477.81 | $ 12.34 | $ 1,445.76 |
| Justin | Doe | $ 56.00 | $ 28.00 | $ 0.72 | $ 84.72 |
| Lizmark | Doe | $ 2,209.05 | $ 1,104.53 | $ 29.27 | $ 3,342.85 |
| Ray | Doe | $ 2,162.92 | $ 1,081.46 | $ 29.74 | $ 3,274.12 |
| Saul | Doe | $ 87.93 | $ 43.97 | $ 1.21 | $ 133.11 |
| Severo | Doe | $ 1,068.07 | $ 534.04 | $ 14.69 | $ 1,616.80 |
| Felix | Dominguez | $ 83.88 | $ 41.94 | $ 0.28 | $ 126.10 |
| Eugenio | Luna | $ 4,998.43 | $ 2,499.22 | $ 23.52 | $ 7,521.17 |
| Martin | Paz | $ 881.56 | $ 440.78 | $ 2.94 | $ 1,325.28 |
| Gerardo | Peralta | $ 3,885.51 | $ 1,942.76 | $ 14.09 | $ 5,842.36 |
| Emilio Antonio | Poliearo | $ 7,531.78 | $ 3,765.89 | $ 71.51 | $ 11,369.18 |
| Jose | Victoria | $ 350.28 | $ 175.14 | $ 1.46 | $ 526.88 |
| **Total** | | $ 50,509.12 | $ 25,254.56 | $ 420.86 | $ 76,184.54 |

**Exhibit B**

**Midtown East Wings, Inc.**
d/b/a Atomic Wings
1120 Second Avenue
New York, NY 10065
Case ID: 1643814

| Payment | Payment Due date | Scheduled for Principle Amount | | Interest | | Total Payment | |
|---|---|---|---|---|---|---|---|
| Down Payment | 03/07/2014 | $ | - | $ | - | $ | 12,627.28 |
| 1 | 04/07/2014 | $ | 4,209.09 | $ | 13.57 | $ | 4,222.66 |
| 2 | 05/07/2014 | $ | 4,209.09 | $ | 24.40 | $ | 4,233.49 |
| 3 | 06/07/2014 | $ | 4,209.09 | $ | 10.21 | $ | 4,219.30 |
| 4 | 07/07/2014 | $ | 4,209.09 | $ | 20.68 | $ | 4,229.77 |
| 5 | 08/07/2014 | $ | 4,209.09 | $ | 12.05 | $ | 4,221.14 |
| 6 | 09/07/2014 | $ | 4,209.09 | $ | 17.97 | $ | 4,227.06 |
| 7 | 10/07/2014 | $ | 4,209.09 | $ | 18.44 | $ | 4,227.53 |
| 8 | 11/07/2014 | $ | 4,209.09 | $ | 44.58 | $ | 4,253.67 |
| 9 | 12/07/2014 | $ | 4,209.09 | $ | 59.88 | $ | 4,268.97 |
| 10 | 01/07/2015 | $ | 4,209.09 | $ | 5.75 | $ | 4,214.84 |
| 11 | 02/07/2015 | $ | 4,209.09 | $ | 10.60 | $ | 4,219.69 |
| 12 | 03/07/2015 | $ | 4,209.09 | $ | 56.06 | $ | 4,265.15 |
| 13 | 04/07/2015 | $ | 4,209.09 | $ | 25.22 | $ | 4,234.31 |
| 14 | 05/07/2015 | $ | 4,209.09 | $ | 33.91 | $ | 4,243.00 |
| 15 | 06/07/2015 | $ | 4,209.14 | $ | 36.34 | $ | 4,245.48 |
| | Total | $ | 63,136.40 | $ | 389.66 | $ | 63,526.06 |